## Case No. 1,113.

### BAUENDAHL et al. v. HORR.

[7 Blatchf. 548.][1]

Circuit Court, D. Connecticut. Sept. 20, 1870.

CONDITIONAL SALE — MODIFICATION OF CONTRACT — REPLEVIN — CONNECTICUT STATUTE — CONDITIONAL DELIVERY.

1. Where a sale of merchandise was made on condition that payment therefor should be made in a certain manner, and, in accordance with a custom of the trade, the merchandise was delivered to the buyer before the terms of payment were complied with: *Held*, that the vendor could recover the goods from the buyer, by an action of replevin, under a statute of Connecticut, which gives such remedy whenever any goods are unlawfully detained, except by attachment, from the owner or other person entitled to possession.

[Cited in Re Binford, Case No. 1,411; The Marina, 19 Fed. 764.]

2. Where the vendor, after delivering the merchandise, proposed to the buyer a modification of the contract, in respect to the terms of payment, and the buyer did not accept such proposition: *Held*, that this left the original terms of sale in full force.

3. The sale, and the delivery having been conditional, and the condition not having been complied with by the buyer, it was not necessary to the vendor's right of reclamation, that he should return to the buyer a promissory note which the buyer had sent to him but which he did not accept in payment.

At law.—This was an action of replevin, brought [by Bauendahl & Co. against William L. Horr] under a statute of the state of Connecticut, which gives this remedy: "Whenever any goods shall be unlawfully detained, except by attachment, from the owner or other person entitled to possession." The property embraced in the suit consisted of certain bales of wool, the title and right to possession of which was claimed by the plaintiffs and denied by the defendant. The case was tried by the court, the parties having stipulated to waive a jury. The plea was the general issue. No question was raised on the pleadings. [Judgment for plaintiffs.]

On the evidence produced on the trial, and after argument thereon, the court found the following facts to have been duly proved: (1.) That, on the 19th of August, 1868, the plaintiffs, wool merchants in the city of New York. made a contract with the defendant, a manufacturer and consumer of wool, in

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

Brookfield, Connecticut, by which they agreed to sell him seventeen bales of wool, amounting, with the usual incidental charges, including interest on the same during the term of credit, to $3,396.19. (2.) That one of the express conditions of the contract was, that the defendant should pay for the wool by his own draft on Messrs. G. P. & B. W. Fay, accepted by the latter, and payable in four months. (3.) That the plaintiffs performed the contract, on their part, on the 20th of August, 1868, by forwarding the wool to the defendant, which the latter received, in due course of transportation, and accepted, and that the wool was so forwarded by the plaintiffs to the defendant on the condition above set forth. (4.) That the defendant never performed his part of the contract, by furnishing the plaintiffs with his own draft on G. P. & B. W. Fay, accepted by the latter, but wholly refused so to do. (5.) That, on the 26th of August, 1868, the defendant forwarded to the plaintiffs Messrs. G. P. & B. W. Fay's note for the amount of the purchase price of said wool, payable four months from the 19th of August, 1868, to the makers' own order, and by them endorsed, and endorsed by no one else, and that, in the letter of the defendant accompanying said note, it was stated, that the same was in settlement of the bill of wool, "as per your agreement." (6.) That. on the 27th of August, 1868, and immediately on the receipt of said note, the plaintiffs replied by letter, stating that this mode of settlement was not according to the contract, reminding the defendant that the same was to be by draft on G. P. & B. W. Fay, accepted by the latter, and adding: "Nevertheless, we will accept the settlement this time, but must hold you responsible for the payment of the note, which please confirm by return mail." (7.) That the plaintiffs received no reply to the last named letter, and, on the 3d of September, 1868, again wrote the defendant, and demanded settlement in accordance with the terms of the original contract, at the same time stating to the defendant, that they would return to him said note, or hand the same over to the Messrs. Fay, as he might desire; that the defendant replied to this letter only by insisting that the payment was, by the original agreement, to be made by the note of G. P. & B. W. Fay. instead of the defendant's own draft·on, and accepted by, them; and that, thereupon, the plaintiffs again demanded a compliance with the terms of the original contract, or a return of the wool. both of which the defendant refused. (8.) That it is a custom of the trade, in contracts of this character, for the seller to deliver the goods before the terms of payment are complied with by the buyer.

Thomas C. Perkins and Charles E. Perkins, for plaintiffs.

Sidney B. Beardsley, for defendant.

SHIPMAN, District Judge. On the facts found by the court, this was a conditional sale. One of the terms of the contract was an express condition that payment was to be made by the defendant's draft on G. P. & B. W. Fay, with the latter's acceptance thereof. Upon this condition the goods were delivered, in accordance with a custom of the trade. This condition was never complied with by the defendant, but compliance therewith was steadily refused.

Nor was there any waiver of the condition by the plaintiffs. It is true that they offered, in their letter of the 27th of August 1868 to accept the note in settlement, if the defendant would hold himself responsible for its payment, by an acknowledgment to that effect by return mail. The defendant never accepted this proposed modification of the contract. This left the original terms of sale in full force. Their never having been complied with by the defendant, no title to the wool ever passed to him, and the plaintiffs had the right to reclaim it. It would seem, from the authorities, that they would have had this right as against attaching creditors and bona fide purchasers, provided there had been no laches on the part of the plaintiffs. But, as between the parties, there can be no doubt, I think, that the right of reclamation existed. Hill v. Freeman, 3 Cush. 257; Tyler v. Freeman, Id. 261; Coggill v. Hartford & N. H. R. Co., 3 Gray, 545.

It was claimed, on the argument, that the plaintiffs should have returned the note to the defendant, and that this was necessary before their right of reclamation could accrue. If there had been a mere fraudulent contract, by which the title had vested in the defendant, making it incumbent on the plaintiffs to return the consideration, in order to rescind the contract and revest the title in them, this claim of the defendant might be material. But here the sale was not absolute, with a taint of fraud in the contract. It was conditional, and the delivery under it was conditional. No title ever vested in the defendant, for the condition was never performed. No act of the plaintiffs was necessary to revest in them the title with which they had never parted.

The plaintiffs never accepted this note in payment. They, indeed, offered to accept it, but only on a condition with which the defendant refused to comply. The title and right of possession of this wool remained, therefore, in the plaintiffs, and judgment must be rendered for them.

———

BAUER, (UNITED STATES v.) See Case No. 14,546.

BAUERT, (ECKERT v.) See Case No. 4,266.