GEORGE F. STONE & others *vs.* EBEN N. PERRY.

*Conditional sale—what is.*

The plaintiffs, merchants in Boston, through a broker, on July 5th, sold for cash a lot of flour which they shipped to the vendees in Portland two days after, and on the 8th July forwarded a bill with 'terms cash' printed thereon. On the 10th July, one of the plaintiffs went to Portland, and ascertaining the vendees had failed, and that the flour had been attached, replevied it from the attaching officer. *Held,* that by the *lex loci,* the sale was upon the condition of payment in cash upon delivery ; and that the action was maintainable without previous demand.

ON REPORT from the superior court for this county.

REPLEVIN for one hundred barrels of flour, which the defendant as sheriff of this county had attached as the property of Alonzo Butler, of Portland.

Writ dated July 11, 1871.

It appeared, on the part of the plaintiffs, that on July 5, 1871, a broker called at plaintiffs' place of business in Boston, and inquired the price per barrel of one hundred barrels of flour of a certain

Stone v. Perry.

brand; plaintiffs asked whom it was for, and the broker replied, Butler, of Portland; plaintiff said he did not know him, but would sell the flour at $8.75 for cash; that he went away, and soon returned and said he would take the flour; that the flour was shipped to A. Butler & Co., on Friday, July 7th; that on the next day plaintiffs forwarded to A. Butler & Co., a bill of the flour, with the words 'terms cash' printed on the margin thereof; that on the following Monday, one of the plaintiffs went to Portland, and ascertaining that A. Butler & Co. had failed, and that the flour had been attached by one of the previous debtors of Butler, replevied it from the officer.

It also appeared that under the custom and usage of trade in Boston, when flour is sold for cash, it means that the seller has the right to call for the pay at any time he pleases, but the custom is not to call until ten days; that there is no credit in the flour business unless the time is specified; that ten days is a courtesy and not a right, and is so defined in the rules of exchange.

On the part of the defense it appeared that the broker offered plaintiffs for Butler $8.75, and if he did not remit in ten days to draw at sight, and not on demand; and that plaintiffs said they would ship the first one hundred barrels they received.

The full court, to render such judgment as the legal rights of the parties required.

*J. H. Drummond*, for the plaintiffs.

*A. A. Strout*, for the defendant, contended *inter alia* that the plaintiffs ratified the sale; that in *Blanchard* v. *Child*, 7 Gray, 155; *Deshon* v. *Bigelow*, 8 Gray, 159; *Tyler* v. *Freeman*, 3 Cush. 261; *Whitney* v. *Eaton*, 15 Gray, 225; and in *Farlow* v. *Ellis*, 15 Gray, 229, there were express conditions of sale. So in *Hirschorn* v. *Canney*, 98 Mass. 150.

APPLETON, C. J. The plaintiffs, merchants in Boston, through the intervention of a broker, on July 5, 1871, sold to A. Butler & Co., one hundred barrels of flour, which they shipped on Friday,

the 7th July. The sale was for cash. The bill of goods, which was forwarded on 8th July, had on the margin the words, 'terms cash.' On Monday, one of the plaintiffs went to Portland, and, finding the firm of Butler & Co. had failed, and that the flour had been attached, commenced an action of replevin.

The sale to Butler & Co. was conditional. The condition has not been complied with. The attaching creditor can only acquire the right of his debtor. As between vendor and vendee, the vendor is to be deemed the owner. In *Deshon* v. *Bigelow*, 8 Gray, 159, the sale was for cash, and being conditional, it was held that the title did not pass to the vendee until payment, although the goods sold were delivered to the vendee. So when goods are sold on time, and delivered to the vendee, it being part of the contract that they are to be paid for by the negotiable note of the vendee, such payment is a condition precedent to the sale, and the title to the goods will not vest without such payment or a waiver of it. *Whitney* v. *Eaton*, 15 Gray, 225; *Farlow* v. *Ellis*, 15 Gray, 229; in *Hirschorn* v. *Canney*, 98 Mass. 149, a merchant in New York sold goods to a merchant in Boston, on condition that he should send his notes in payment therefor, and shipped the goods to Boston, mailing a bill of lading to the vendee, and requesting him to send his notes in payment, which was never done. It was held, that no title passed to the conditional vendee. 'The sale to the defendants,' observes Gray, J., in *Adams* v. *O'Connor*, 100 Mass. 515, 'having been found by the jury to have been for cash, was a conditional sale, and vested no title in the purchasers, until the terms of sale had been complied with.'

If goods are sold conditionally, and delivery made according to the custom of the trade, before the conditions are complied with, in expectation of compliance, the delivery is also conditional, and no title vests in the purchaser until performance of the condition; and if he steadily refuse compliance, the seller may recover the goods by action of replevin. *Bauendahl* v. *Horr*, 7 Blatchf. 548.

The contract was made in Massachusetts, and the law of that place must govern. By that law, the sale being upon the condition

of payment in cash upon delivery, no payment being made, the title of the vendor remains as between him and his vendee, or as between him and the attaching creditors of the vendee, in the former. The plaintiffs never parted with their title in Massachusetts, and their vendee has not acquired any.

There has been no waiver, nor is there any proof tending to show a waiver on the part of the plaintiffs, of any of their legal rights. On the contrary, they have been vigilant in their enforcement. The fact that the goods were actually forwarded to the purchaser before a compliance with the terms of sale is not necessarily a waiver of the conditions of sale. *Farlow* v. *Ellis.* Whether a delivery under an agreement for the sale of chattels is absolute or conditional, depends upon the intent of the parties; to establish that the delivery was conditional, it is not necessary that the vendor should declare the conditions in express terms, at the time of delivery. It is sufficient, if the intent of the parties can be inferred from their acts or the circumstances of the case. *Hammett* v. *Linneman*, 48 N. Y. 399.

The defendant having wrongfully interfered with the property of the plaintiffs, is liable in tort for such interference without demand.

*Judgment for plaintiffs, and one cent damage.*

KENT, WALTON, DICKERSON, and DANFORTH, JJ., concurred.