# ROBERT ABBOTT V. E. P. COLEMAN.

1. HANDWRITING; *Genuineness of Signatures; Experts; Comparison.* The genuineness of a signature to a lost written instrument may be proved by an expert who examined said signature before the instrument was lost, by his comparing his recollection of such signature with the admitted genuine signatures of the same person on papers already in the case.

2. COMPETENCY OF EVIDENCE; *Objection to.* Where a party to an action testifies on the trial as a witness that he lost a certain written instrument (giving the time when he lost it), and that he has never seen or heard of it since, and afterward it is proposed by him to prove by another and competent witness that the signature to said written instrument was genuine, and also to prove by such witness the contents of such written instrument, and the opposite party objects to the introduction of the evidence on the ground of incompetency, *held,* that the objection goes to the competency of the evidence itself, and not to the competency of the witness, or to the competency of the preliminary proof, and that such evidence should be received.

## *Error from Linn District Court.*

ACTION on a promissory note, brought by *Coleman* against Abbott, and judgment for the plaintiff at the July Term, 1877, of the district court. The defendant *Abbott* brings the case here. The opinion contains a sufficient statement of the facts.

*Biddle & Blue,* for plaintiff in error.

*Theo. Botkin,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a promissory note, brought by E. P. Coleman against Robert Abbott. The defendant (who is now plaintiff in error) pleaded payments; and whether the note had actually been paid or not, was the only question in issue in the court below. The case was tried before the court and a jury, and on the trial it was shown that said note was executed December 14, 1870, by said Robert Abbott and Alexander Abbott to one David A. Mowery,

to be due in one year, and was assigned by Mowery, on December 30, 1870, to the plaintiff, E. P. Coleman. In 1874, Robert and Alexander Abbott were partners in business. About March 20, 1874, Alexander Abbott handed to Robert a receipt dated March 14, 1874, signed "E. P. Coleman," and showing payment of said note. The body of the receipt was in the handwriting of Alexander Abbott, but in whose handwriting the signature was, was not shown, for reasons hereafter to be stated. About December 5, 1874, Alexander died, and Robert retained possession of all the partnership papers. Among the papers, he found said receipt. On June 6, 1876, this action was commenced; and about June 20, 1876, Robert took said receipt to Thomas L. Darlow, and showed it to him. Darlow was a lawyer, and Robert took the receipt to him for the purpose of consulting him in the case. Darlow examined the receipt and the signature thereto, and then returned the receipt to Robert. Darlow has never seen the receipt since. Robert then placed the receipt in his pocket-book, and afterward, on the 4th of July, 1876, lost both the pocket-book and the receipt, and has never seen or heard of them since. On September 9, 1876, depositions of E. P. Coleman were filed in the case, containing two of the genuine signatures of Coleman written therein. Both Robert and Darlow examined these signatures. The trial of this case was had August 4, 1877. Both Robert and Darlow testified as witnesses on the trial. All the foregoing facts were shown. It was also shown that Darlow had practiced law for about eight years; that he had had occasion in his practice to examine and compare signatures, and that he had been in the habit of examining and comparing them. Both Darlow and Robert again examined said signatures of E. P. Coleman on said depositions admitted to be Coleman's genuine signatures. The defendant then offered to prove, both by Robert and by Darlow, the contents of said receipt, and that the signature thereto was in the handwriting of E. P. Coleman, but the court refused to permit him to do so. Among other questions, the defendant propounded the fol-

lowing to Darlow, to wit: "You may state if you are able, from your examination of the signature of 'E. P. Coleman' to those depositions, and from your recollection of the signature to that instrument [the receipt] which you examined at Mr. Abbott's request, whose signature was written to the said instrument." The record shows that this question was "objected to by plaintiff, because the answer would be incompetent evidence," and the court below sustained the objection. In all the other cases except one, the objections were made because, as it was claimed, the evidence was "incompetent," and in that one the objection was made because, as it was claimed, the evidence was "incompetent, immaterial, and irrelevant." The evidence in the case shows that the plaintiff's attorney, Theo. Botkin, once had a copy of said receipt, and that once in June, 1876, after Darlow had seen said receipt and returned it to Abbott, and before Abbott lost it, Botkin served a notice on Darlow, the defendant's attorney, "for an inspection and copy of papers connected with the suit," and that Darlow never afterward saw the receipt, and therefore did not furnish it to Botkin. The plaintiff (defendant in error) says in his brief in this court that the testimony of Darlow concerning the signature to said receipt, "was objected to as incompetent and immaterial, and for the further reason that Darlow had not shown himself competent to testify concerning Coleman's handwriting." Now the record does not show that any objection was made because "Darlow had not shown himself competent to testify concerning Coleman's handwriting." So far as the record shows, there was not a doubt concerning the qualifications and competency of Darlow as a witness. The doubt, or rather claim of incompetency, went to the evidence and not to the witness. The plaintiff objected to the evidence because he believed that the evidence was incompetent, not because he believed that the witness was incompetent. There was not an objection made or question asked that seemed to indicate that the plaintiff had even the slightest doubt as to the competency of the witness, and we think

he was competent as an expert.   The plaintiff really objected
to the evidence because he believed that the genuineness of
the signature to a lost instrument could not be proved in any
case by any witness comparing his recollection of the signa-
ture on the lost instrument with admitted genuine signatures
of the same person already in the case.   Nor does there seem
to have been any doubt concerning the loss of the receipt,
and that it was lost without the fault of the defendant.   No
objection was made or question asked which would seem to
indicate that the plaintiff had the slightest suspicion that the
receipt might still be in existence, or within the reach of the
defendant, or that the defendant intentionally lost it for the
purpose of preventing an inspection of it by others.   The
defendant did not merely mislay the receipt.   He did not
merely place it somewhere, and then forget where he placed
it.   Nor did he hand it to some other person who may still
perhaps have it in his custody.   But he *lost* it.   He testified
positively, absolutely and affirmatively that he lost it.   He
*knew* he lost it, and knew when he lost it.   He also at the
same time lost his pocket-book containing it.   The defend-
ant had no other evidence to prove the genuineness of the
signature to said receipt, and no other evidence to prove pay-
ment of the note, and therefore the verdict and judgment
were rendered in favor of the plaintiff and against the de-
fendant for the amount of the note.

We think that the court below erred in excluding Darlow's
testimony.   Of course it was weak, but it was the best that
the defendant could procure, and should have been admitted
for what it was worth.   We have heretofore had occasion to
examine the question relating to the comparison of hand-
writings, and we uphold the doctrine that comparisons of
handwritings may be made both by experts and by the jury.
(*Macomber v. Scott,* 10 Kas. 335 ; *Joseph v. National Bank,*
17 Kas. 256.)   This case goes a little further, and holds that
an expert may compare a signature which he has previously
seen, but which is now lost, with one which is admitted to be

genuine, and which is among the papers of the case. We have also had occasion to examine the question relating to the proof of the contents of lost instruments, and we have decided nothing inconsistent with what we now decide. The only cases which might possibly be thought to be inconsistent are the cases of *Johnson v. Mathews*, 5 Kas. 118, and *Shepard v. Pratt*, 16 Kas. 209. But in these cases the question was squarely raised that the instrument was not lost. In this case the question was not squarely raised. In the first of said cases the instrument was not lost, but only "mislaid," and with any proper search might have been found. In the second of said cases the witness did not know that the instrument was lost, but only supposed that it was, and did not make such a search as would convert his supposition or belief into knowledge. At least, he did not show by any statement of facts that he made any such search. In the present case, the witness *knew* that the instrument was lost. He knew the exact day on which it was lost; and nothing was said or done by the opposing party to indicate that he or his counsel entertained a doubt concerning its loss. If anything had been said or done by the opposing party to indicate a doubt as to whether the instrument was in fact lost or not, then it would have been proper for the court below to require strict proof of its loss, by a detailed statement of the facts relating to the loss. Under the circumstances, we think the loss was amply proved.

. We have also had occasion to examine the question as to the extent of an objection to evidence for incompetency: *K. P. Rly. Co. v. Cutter*, 19 Kas. 83, 87, and cases there cited. Generally, it does not extend to the competency of the witness, nor does it generally include the objection that sufficient preliminary proof has not yet been introduced. Generally, an objection for incompetency simply means that the evidence itself is incompetent in the case, although it might come from a competent witness, and although sufficient preliminary proof might first be introduced. All the author-

ities agree that an objection to evidence should be specific. General objections are generally not sufficient. No general objection could be framed to cover all possible objections.

It is always the intention of this court to decide the exact questions decided by the court below. Sometimes it is very difficult to ascertain from the imperfect records which are brought to this court just what the court below did decide, but we always endeavor to ascertain just the questions which the court below decided, and then to decide the same questions. We have no doubt that the court below decided in this case, that admitting that Darlow was a competent witness to testify upon the subject, and admitting that said receipt was lost, still that it was not competent for the defendant to prove the genuineness of Coleman's signature on said receipt, by Darlow comparing his recollection of such signature with the admitted genuine signatures of Coleman on said depositions, and therefore that it was incompetent to prove the contents of said receipt. We think said evidence was competent, and therefore the judgment of the court below will be reversed, and cause remanded for a new trial.

All the Justices concurring.