## D. D. DAUGHERTY V. GEORGE FOWLER.

BUTTERINE — *Sale and Shipment — Cash on Arrival — Replevin.* The plaintiff below, a merchant at Kansas City, Missouri, shipped fifty tubs of butterine to P., at Fort Scott, to be paid for, "cash on arrival." The merchandise was received, and freight paid thereon; but the buyer failed to remit the purchase-price. The goods were stored, and within three days P. wrote the plaintiff that he was unable to make payment; that the property was his; that he had placed the property in the hands of a reliable party, who would take care of it until he could hear from the plaintiff. The letter was received on the morning of the following day, at 8:30 o'clock, and the plaintiff then determined to take the property back. At noon of the same day the butterine was attached by one of the firm creditors of P.: *Held,* That the sale and shipment were on condition of payment in cash upon arrival of the goods, and in an action of replevin the plaintiff was entitled to recover the property.

*Error from Bourbon District Court.*

REPLEVIN. Judgment for plaintiff *Fowler,* at the September term, 1887. The defendant *Daugherty* comes to this court. The material facts are stated in the opinion.

*J. D. McCleverty,* for plaintiff in error.

*E. F. Ware, W. R. Biddle,* and *C. E. Cory,* for defendant in error.

Opinion by GREEN, C.: This was an action in replevin, commenced by the plaintiff below, in the district court of Bourbon county, to recover fifty tubs of butterine from the sheriff, who held the same by an order of attachment issued against the property of T. W. Price and D. B. Fabyan, who had been doing business in Fort Scott under the name of T. W. Price & Co., but had sold out their business some time before the attachment was issued. On the 24th of November, 1885, T. W. Price went to Kansas City, Mo., and made an arrangement with the plaintiff below whereby he was to have shipped to him at Fort Scott fifty tubs of butterine, payable cash on arrival. The butterine was not made at the time; it

was to be procured from other parties, and there was no selection of the article, except by sample. The butterine was shipped on Friday, the 27th of November, and reached Fort Scott the following morning, and was immediately received by Price, and the freight paid and stored in a cellar. The goods were invoiced in the usual way, followed by detailed weight of each separate tub, and written on the bill were the words, "terms cash." On Monday, the 30th of November, Price caused the butterine to be moved into a different part of the cellar from where it had been previously stored, and removed all the shipping-tags, and on Tuesday morning, December 1st, wrote the plaintiff that he was unable to pay for the butterine; that the goods belonged to the plaintiff, and he had placed them in the possession of a reliable party, who would take care of them until he could hear from the plaintiff.

It appears from the testimony that this letter reached the plaintiff below at 8:30 o'clock on Wednesday morning, December 2, who concluded to accept the proposition contained in the letter, and take back the shipment of butterine. It was in evidence that Price had owed the plaintiff below $10.70 upon some other dealings, and had paid out for freight on the merchandise $8.05. At noon of the same day the butterine was attached, at the suit of one of the creditors of T. W. Price & Co. A trial was had in the district court, and upon the conclusion of the evidence the court instructed the jury to return a verdict for the plaintiff.

The first complaint the plaintiff in error makes is to the introduction of the letter written by Price on the first of December. He contends that it could only be made competent by proof of the genuineness of the signature. The objection to the introduction of this letter was because it was incompetent and irrelevant. This objection in the court below does not reach the objection counsel now seeks to raise — the genuineness of the letter. No objection was there interposed that sufficient preliminary proof had not been offered to admit the letter in evidence. This should have been done, to entitle him to raise the question here. An objection to the introduction

of evidence should be specific. (*Abbott v. Colman*, 22 Kas. 250; *K. P. Rly. Co. v. Cutter*, 19 id. 83.)

It is further insisted that "mental conclusion" reached to take the goods back was not competent; that the only way to prove that the goods were taken back, was what was in fact done. The acceptance of Price's offer was an affirmative act, and not a mere mental conclusion, as assumed by the court below. This we regard as the decisive question in this case. Let us consider it. The facts are virtually undisputed; the goods were shipped to be paid for upon arrival; they were received by Price, and the freight paid and stored by him. Before the rights of any other parties intervened the vendee said to the vendor: "I cannot pay you for the goods, and I have placed them in charge of a party who will take care of them until he hears from you; the goods are yours; I have done what I thought best." Does this proposition made by the vendee and received by the vendor require affirmation upon the part of the vendor to make the transaction complete? An answer to this question is a decision of this case. If this proposition stood alone, and in no way connected with what had preceded it, and was an independent offer to sell certain goods, it would be less difficult of solution. We would say that an acceptance was necessary, upon the part of the plaintiff in error, to make the offer binding, and the transaction complete. But we must consider the whole transaction from its inception until the transmittal of the letter, and say whether the title of the property in question ever passed to Price. The terms of the sale were "cash on arrival," or cash, as expressed in the invoice. Now the rule is, that if goods be delivered before the price is paid, in compliance with the usage of trade, the delivery is conditional, and until the condition is performed the vendee holds the goods in trust for the vendor, against all persons except *bona fide* purchasers without notice. (Story, Sales, § 313; *Hussey v. Thornton*, 4 Mass. 405; *Marston v. Baldwin*, 17 id. 606; *Corlies v. Gardner*, 2 Hall, 345; *Reeves v. Harris*, 1 Bailey, 563.)

It seems from the evidence in the case that there were two

concurrent conditions to make the sale complete—delivery upon the part of the vendor, and payment upon the part of the vendee. This frequently occurs where goods are shipped by common carriers, as in this case, to be paid for upon arrival; and the failure to make payment will be regarded as a non-performance of the condition precedent upon the part of the vendee, and will entitle the vendor to reclaim his goods. (Newm. Sales, § 227.)

In *Stone v. Perry*, 60 Me. 48, it appeared that the plaintiffs were merchants in Boston, and a broker called and inquired the price of flour, and plaintiff asked whom it was for, and the broker replied, "Butler, of Portland." Plaintiff answered that he did not know him, but would sell the flour at eight seventy-five, for cash. The broker went away, and soon returned and said he would take the flour, which was shipped, and the next day a bill was forwarded to Butler & Co., with the words "terms cash" printed on the margin. On the following Monday one of the plaintiffs went to Portland, and upon ascertaining that Butler & Co. had failed and the flour had been attached, replevied it from the officer. In that case the court said:

"If goods are sold conditionally, and delivery made according to the custom of the trade, before the conditions are complied with, in expectation of compliance, the delivery is also conditional, and no title vests in the purchaser until the performance of the condition; and if he steadily refuse compliance, the seller may recover the goods by action of replevin." (*Bauendahl v. Horr*, 7 Blatchf. 548.)

In *Russell v. Minor*, 22 Wend. 659, the court said:

"Where, under a contract for the sale of chattels, a delivery of a portion of the property sold was made to the purchaser under an agreement that a note should be given for the whole quantity upon the delivery of the residue at a future day, the delivery of the first parcel was held to be conditional, and that on the delivery of the residue and the refusal of the purchaser to give the note and to deliver up the first parcel on demand, an action of replevin for the wrongful detention might be sustained. Where goods are sold to be paid for on

delivery, if on the delivery being completed the vendee refuses to pay for them, the vendor has a lien for the price, and may resume the possession of the goods. And if during the delivery, and before it is completed, the purchaser sells or pledges them to a third person for a valuable consideration, but without notice to the original vendor, the lien of the latter will not be affected, and he may recover them from such subsequent purchaser."

In *Palmer v. Hand*, 13 Johns. 434, the court stated:

"When goods are sold to be delivered by the vendor without any stipulation for credit, it is his right to demand payment immediately upon their delivery, and payment being refused, he may reclaim the goods. Ordinarily this right to reclaim should be exercised promptly after refusal of payment."

In *Morris v. Rexford*, 18 N. Y. 552, it was said:

"I consider it a proposition plain in principle and sanctioned by authority, that a vendor may reclaim his goods after delivery upon a sale for immediate payment, if the vendee, on getting the property in his possession, refuses to make the payment. If there be no term of credit expressed or implied in the dealing, the delivery in such cases is deemed to be conditional and subject to revocation on the refusal or failure of the purchaser to pay the price."

Mr. Justice Strong, in the *Elgee Cotton Cases*, 89 U. S. 180, quotes approvingly the rule from Benjamin on Sales, which he regards as well-settled law in England, and also in this country:

"Where the buyer is by contract bound to do anything as a condition, either precedent or concurrent, on which the passing of the property depends, the property will not pass until the conditions be fulfilled, even though the goods may be actually delivered into the possession of the buyer." (Benj. Sales, Corbin ed., 359, 397, and authorities there cited.)

The doctrine of this rule seems to be almost universally sustained by the American courts.

We reach the conclusion in this case that by the terms of the contract there was a concurrent condition of payment, upon the part of the buyer, to be performed before title passed

to him. The buyer having notified the plaintiff below that he could not pay, he was entitled to the possession of the property, and there was no necessity of his making any reply to the buyer's letter in regard to his inability to pay, so that he exercised the right to reclaim the goods within a reasonable time, which it seems from the evidence he did.

It follows from this view of the law that there was no error upon the part of the court below in instructing the jury to find a verdict for the plaintiff.

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.