LAURA B. PRIEST v. GEORGE ROBINSON.

No. 12,464.    (67 Pac. 850.)

SYLLABUS BY THE COURT.

1. EVIDENCE—*Objection Must be Specific.* An objection to evidence offered must be specific. Where testimony offered is not the best evidence, or the proper foundation has not been laid for its introduction, an objection that it is incompetent, irrelevant and immaterial does not specifically point out the defect existing therein, and the overruling of such objection is not error.

2. TITLE AND OWNERSHIP—*Ejectment—Collateral Attack.* When the defendant in an action of ejectment claims title based on a tax deed, and, also, upon a decree quieting the title in his antecedent grantor in possession under such tax deed, in an action to which plaintiff was a party, the validity or invalidity of the tax deed is not material, unless the decree quieting the title is absolutely null and void and subject to collateral attack.

Error from Cherokee district court; A. H. SKID-MORE, judge. Opinion filed February 8, 1902. Affirmed.

*A. S. Dennison,* and *W. R. Cowley,* for plaintiff in error.

*Edward M. Tracewell,* and *William J. Moore,* for defendant in error.

The opinion of the court was delivered by

POLLOCK, J. : This was an action in ejectment brought by Laura B. Priest against George Robinson to recover a quarter-section of land. The plaintiff claims by title derived from foreclosure of a mortgage given by Householder upon the premises ; defendant, by chain of title based upon tax deed from Cherokee county, possession, and decree quieting title in one of his antecedent grantors, named Randall, in an action brought by Randall against plaintiff and others. The

defendant had judgment below, and the plaintiff brings error.

The determination of this controversy upon its merits necessarily depends upon the validity or invalidity of the decree obtained in the suit brought to quiet title. There first arises, however, a question of practice. Upon the trial, defendant, in support of his title, offered many copies of conveyances from a record thereof, which conveyances constitute necessary links in his chain of title, without making preliminary proof either that the copies offered were contained in any public record authorized by law to be kept, or that the originals were not ·in his possession. In other words, he offered secondary evidence without accounting for the absence of the best and without laying the proper foundation for the reception of the testimony offered. To these offers plaintiff objected upon the ground that the testimony offered was "incompetent, irrelevant, and immaterial." Upon this objection made the court did not rule, but the testimony offered was received and used in evidence.

It is earnestly contended by counsel for plaintiff in error that such evidence, upon the objections made, should have been excluded; also, that the failure of the trial court to rule deprived the plaintiff of her right of exception, and is such an irregularity in the proceedings that a new trial should have been granted upon plaintiff's motion. It is the duty of a trial court, when objection is made to any step in the progress of the trial, to rule upon the objection made, and the responsibility attending a ruling cannot be avoided by a failure so to do and permitting the trial to proceed as though no objection had been interposed. A an exception to a ruling is not available to a party until the ruling is made, it is not in the power of a tria

court to deprive a party of the advantage of an exception by failing to rule. (*Young v. Det. G. H. & Mil. Ry.*, 56 Mich. 430, 23 N. W. 67, 19 A. & E. Rld. Cas. 417.) In such case all objections taken are treated in practice as having been overruled and exceptions duly taken and allowed. We shall, therefore, proceed to a determination of the remaining question as though the record showed the objections made to have been overruled and exceptions thereto duly noted.

The testimony offered was improper and objectionable; no foundation was laid for its introduction. It was not shown that the books from which the purported copy was offered and received were public records belonging in and coming from the office of the register of deeds of Cherokee county; or, in other instances, that the documents offered were public records of the court whence they purported to come. But does the objection made reach the defect in the proof offered? That the evidence offered related to the controversy is apparent, and, hence, was relevant. That it was material is equally apparent, since many of the copies of conveyances offered were essential links in defendant's chain of title. Was the evidence so offered competent? This proposition, in the absence of controlling authority, would seem to be in more doubt. It has always been the rule of this court that an objection made must be specific—must go to the very root of the defect and be sufficient to challenge the attention of the court to the precise character of the defect claimed to exist. (*K. P. Rly. Co. v. Cutter*, 19 Kan. 83; *Abbott v. Coleman*, 22 Kan. 250, 31 Am. Rep. 186.) This court, in dealing with this precise question, in *Daugherty v. Fowler*, 44 Kan. 628, 25 Pac. 40, 10 L. R. A. 314, said:

"The first complaint the plaintiff in error makes is

Priest v. Robinson.

to the introduction of the letter written by Price on the 1st of December. He contends that it could only be made competent by proof of the genuineness of the signature. The objection to the introduction of this letter was because it was incompetent and irrelevant. This objection in the court below does not reach the objection counsel now seeks to raise—the genuineness of the letter. No objection was there interposed that sufficient preliminary proof had not been offered to admit the letter in evidence. This should have been done, to entitle him to raise the question here. An objection to the introduction of evidence should be specific.''

In *Abbott v. Coleman*, supra, it was held :

''Where a party to an action testifies on the trial as a witness that he lost a certain instrument (giving the time when he lost it), and that he has never seen or heard of it since, and afterward it is proposed by him to prove by another and competent witness that the signature to said written instrument was genuine, and also to prove by such witness the contents of such written instrument, and the opposite party objects to the introduction of the evidence on the ground of incompetency, *held*, that the objection goes to the competency of the evidence itself, and not to the competency of the witness or to the competency of the preliminary proof, and that such evidence should be received.''

In the light of the authorities, we are of the opinion that the evidence offered was not subject to the specific objections made, and, as a consequence, that its admission is not available as error.

Again, it is contended that an examination of the record will disclose the tax deed from Cherokee county to one La Rue ; that the basis of defendant's record title is void, or, at least, voidable ; and, also, that the decree quieting the title in Randall, defendant's antecedent grantor claiming under this tax deed, in the

case of Randall against Priest and others, is void for want of jurisdiction in the court over the parties defendant in the action. We attach but little importance to the title acquired by the tax deed. Standing alone, plaintiff would have but little trouble avoiding it. But the decree against plaintiff quieting title to the property in Randall, holding under this deed, is a matter of more consequence. In this action of ejectment, the attack made upon this decree is purely collateral, and, unless absolutely void, as distinguished from voidable, the decree must stand as a perpetual barrier between plaintiff and a recovery.

One ground upon which it is claimed this decree is void is that the notice of publication is not signed, attested or issued by the clerk of the court wherein the action was pending. It must be conceded that a summons upon which personal service rests must be signed and sealed by the clerk of the court from which it emanates or judgment rendered thereon is void. (*Lindsay v. Comm'rs of Kearny Co.*, 56 Kan. 630, 44 Pac. 603.) But when service is obtained by publication it is not necessary that any summons issue. (*Larimer v. Knoyle*, 43 Kan. 338, 23 Pac. 487.) It is also contended that, notwithstanding the recital in the decree of due service by publication and its approval by the court, the affidavit for publication found in the record is utterly insufficient in law, and, therefore, that this paper, appearing in the record, controls, and not the recital in the decree. VanVleet on Collateral Attack, section 480, is cited in support of this contention. Conceding, without determining, the correctness of this proposition, it does not aid the plaintiff in this case. The only affidavit, or pretended affidavit, offered at the time the case was tried, not having been signed or sworn to by any one, was a nullity. But

Railroad Co. v. Eagan.

after the trial and before judgment, upon application made to the court, the case was opened for further proof, and an affidavit sufficient in form to uphold the jurisdiction of the court rendering the judgment, at least when collaterally attacked, as in this case, was offered and received in evidence. The opening of a case for the reception of further testimony after the evidence is closed and before judgment pronounced rests in the discretion of the court, and will be reversed only for abuse of such discretion.

The judgment of the trial court was for the defendant. We have carefully scrutinized the record, our every inclination being, on account of all that appears in the record, toward plaintiff in error, but we are unable to find any reversible error.

The judgment is affirmed.

DOSTER, C. J., SMITH, J., concurring.