FRED L. MORRIS v. M. C. SADLER *et al.*

No. 14,790.   (88 Pac. 69.)

1. SERVICE BY PUBLICATION—*Voidable Affidavit.* An affidavit for publication service upon which a judgment was based did not follow the precise language of the statute in stating that personal service could not be made within the state. It was said the required fact appeared inferentially from the statement that the parties to be served were absent from the state, and the affidavit was voidable only.

2. JUDGMENT—*Fraud—Collateral Attack.* It was said that the judgment of a court having jurisdiction of the parties and the subject-matter of an action could not be attacked collaterally for fraud in obtaining it.

Error from Chautauqua district court; GRANVILLE P. AIKMAN, judge. Opinion filed December 8, 1906. Affirmed.

*Sproul & Van Tuyl*, for plaintiff in error.

*H. E. Sadler*, and *J. B. Ziegler*, for defendant in error M. C. Sadler.

*Per Curiam:* The solution of the questions raised by this proceeding in error depends upon principles so well established that it is not necessary to promulgate them formally again. The plaintiff brought ejectment, relying upon a chain of conveyances from the government. The defendants interposed a judgment against one of the plaintiff's grantors breaking this chain and starting a new line ending in defendant M. C. Sadler. The court found for the defendants on the strength of the judgment.

Morris v. Sadler.

The plaintiff claims the judgment referred to is void because the affidavit for publication service upon which it was based did not use the precise language of the statute in stating that personal service could not be made within the state. The required fact did appear inferentially, however, from the statement that the parties to be served were absent from the state. Therefore the affidavit was voidable only, and the court was not deprived of jurisdiction to proceed. (*Garrett v. Struble,* 57 Kan. 508, 46 Pac. 943; *Harris v. Claflin,* 36 Kan. 543, 13 Pac. 830; *Long v. Fife,* 45 Kan. 271, 25 Pac. 594, 23 Am. St. Rep. 724; *Pierce v. Butters,* 21 Kan. 124.) The delay in filing the affidavit was not such as to impair its validity.

The only other attack made upon the judgment introduced in evidence is that it was fraudulently obtained. The judgment of a court having jurisdiction of the parties and of the subject-matter of an action cannot be attacked collaterally for fraud in obtaining it, and ejectment is a collateral attack. (*O'Keefe v. Behrens,* 73 Kan. 469, 473, 85 Pac. 555.) In the case of *Priest v. Robinson,* 64 Kan. 416, 67 Pac. 850, a decree quieting title was assailed in an action of ejectment. The court said:

"In this action of ejectment, the attack made upon this decree is purely collateral, and, unless absolutely void, as distinguished from voidable, the decree must stand as a perpetual barrier between plaintiff and a recovery." (Page 420.)

In the case of *Simpson v. Kimberlin,* 12 Kan. 579, it was said:

"Every judgment, whether obtained through fraud or not, is valid and binding and conclusive as to all parties thereto, and their privies, until reversed, vacated, set aside, or perpetually enjoined by some proceeding instituted directly for that purpose. As to parties and their privies, a judgment cannot be held void and inoperative in one case, and still be allowed to stand and be held binding and effective in other cases. As to them, it must either be totally destroyed

as a judgment, or else must have all the force and effect of a judgment. . . . A judgment can never be impeached collaterally by any person who was a party thereto. . . . It can be impeached collaterally only by some stranger to the record. And even then it can be impeached only by such a stranger as holds some preexisting, independent, and conflicting right, that would be affected injuriously if the judgment were allowed to have full operation." (Pages 588, 589. See, also, *Larimer v. Knoyle*, 43 Kan. 338, 344, 350, 23 Pac. 487; 1 Black, Judg., 2d ed., § 246.)

The testimony offered to impeach the judgment in question was properly stricken out, because the question raised can only be litigated in a direct proceeding.

Nothing else in the case requires special notice, and the judgment of the district court is affirmed.