Davis v. Davis.

---

No. 21,004.

TONIA DAVIS, *Appellee*, v. NELSON DAVIS et al. (LOANNA A. DAVIS, *Appellant*).

### SYLLABUS BY THE COURT.

JUDGMENT—*Adjudication of Title to Land—Collateral Attack.* A judgment adjudicating the title to real property, rendered in an action in which the court had jurisdiction of the parties, can not be collaterally attacked in a subsequent ejectment action between the same parties, where the judgment forms a part of the chain of title of one of the parties.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed July 7, 1917. Affirmed.

*James A. Conly,* and *E. C. Colin,* both of Wichita, for the appellant.

*G. P. Aikman, C. L. Aikman,* both of El Dorado, *Earl Blake, W. A. Ayres,* and *C. A. McCorkle,* all of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: Defendant Loanna A. Davis appeals from a judgment rendered in favor of the plaintiff in an action for the recovery of the possession of real property.

The plaintiff introduced in evidence a judgment rendered in an action in the district court of Sedgwick county, wherein Loanna A. Davis was plaintiff, and Nelson Davis and Tonia Davis were defendants, a part of which judgment is as follows:

"It is further ordered, considered and adjudged that the defendant, Tonia Davis, is entitled to the possession of said real estate, and is hereby given the right to such possession from and after this date, with the right to lease the same and to receive and collect the rents and income therefrom after March 1st, 1913, and the plaintiff is enjoined from in any way interfering with the defendant in the collection of such rent, or in making lease of said premises."

Loanna A. Davis contends:

"That the court erred in refusing her offer to prove that the judgment in the case of *Loanna A. Davis vs. Tonia Davis and Nelson Davis,* No. 29,326, was procured by fraud. Her evidence, if admitted, was sufficient to warrant a setting aside of said judgment on two grounds; first, for irregularity in obtaining said judgment; second, as fraudulent and absolutely void."

Loanna A. Davis testified as a witness in the present action. While she was on the witness stand the following occurred:

"Q. State your name. A. Loanna A. Davis.

"Q. Sometimes known as Loanna Davis? A. Oh, yes, they sometimes call me that.

"Q. You are the only Loanna Davis who brought suit against Tonia Davis some time a year or two ago were you not? A. It wasn't just against Tonia Davis.

"Q. It was against who, do you remember? A. I never brought no suit against Tonia Davis; I just brought a suit for them to return the land back to me.

"Q. The suit was brought by you against Nelson Davis and Tonia Davis, it being a suit to get back this land as you claimed, that is now in controversy? A. Yes, sir.

"Q. Now, Mrs. Davis, who was your attorney in that case? A. Roy Buckley.

"Q. Do you remember of Roy Buckley paying you some money during the time that that case was pending after you brought the suit? A. Yes, he paid me some money.

"Q. Do you know what that money was for? A. Yes, sir.

"Q. What? A. Why, it was for the rent that he had collected in

Davis v. Davis.

there, $300.00 from John Boyer; then the balance from the other; that was all paid in there to me here, about $650.00.

"Q. Was anything said about the case that was then pending what was to be done with the case?

"By Mr. Aikman: Object as incompetent, irrelevant and immaterial, not binding on the plaintiff.

"By the Court: Sustained.

"By Mr. Conly: The defendant now offers to show by this witness that at the time this money was paid to her, which was subsequent to March 1st, 1913, a few days thereafter, Mr. Roy Buckley, attorney for this witness and the then plaintiff in that case of *Loanna Davis vs. Tonia Davis et al*, 29,326, stated to her that the payment that he made to her at that time was on the rent which was then due and that it did not in any way affect the trial of the action then pending; and that the question of the title to the land would be litigated and tried as soon as the court could reach it, or words to that effect.

"By Mr. Aikman: Object as incompetent, irrelevant and immaterial, not binding on this plaintiff in any way.

"By the Court: Objection sustained; the offer refused."

All the parties to the present action were parties to the action in which the judgment complained of was rendered. That judgment appears to have been rendered according to a written stipulation signed by the attorneys of record for the parties to the action. The complaint of Loanna A. Davis concerning that judgment is that:

"The journal entry is approved by Gardiner & Buckley, for plaintiff, and H. C. Sluss for defendant, but there is no approval by plaintiff for herself of the judgment; and no written stipulation for a judgment as stated in the journal entry was ever filed in said case."

Loanna A. Davis argues "that a judgment entered by an attorney without any authority or warrant of the client and through fraud upon the client, may be set aside."

The evidence offered was objectionable on the ground that it was hearsay, but that objection was not made and the question is not discussed by either side. Loanna A. Davis says that "in substance, the offer to prove was a motion to set aside for irregularity and fraud, although not so denominated." The offer to prove was not such a motion to set aside the judgment as is prescribed by section 598 of the code of civil procedure; nor was it a proceeding to vacate the judgment for fraud, as prescribed in section 596 of the code of civil procedure. The offer to prove was a collateral attack on the judgment. (1 Black on Judgments, 2d ed., §252; Vanfleet's

Collateral Attack, § 3; 1 Words and Phrases, 2d series, p. 753; 15 R. C. L., p. 838; 23 Cyc. 1062.)

The judgment is not void. It shows that the court had jurisdiction of the cause and of the parties thereto. Their attorneys of record signed a stipulation which prescribed the judgment that should be rendered. If the judgment is voidable, it must be attacked in some direct proceeding instituted for the purpose of having it vacated or set aside. This court has repeatedly held that a judgment can not be collaterally impeached or attacked by a party bound thereby. (*Simpson v. Kimberlin,* 12 Kan. 579; *Priest v. Robinson,* 64 Kan. 416, 420, 67 Pac. 850; *O'Keefe v. Behrens,* 73 Kan. 469, 473, 85 Pac. 555; *Morris v. Sadler,* 74 Kan. 892, 88 Pac. 69; *Bleakley v. Barclay,* 75 Kan. 462, 89 Pac. 906; *Ayres v. Deering,* 76 Kan. 149, 90 Pac. 794; *Horner v. Schinstock,* 80 Kan. 136, 101 Pac. 996; *McCormick v. McCormick,* 82 Kan. 31, 107 Pac. 546.)

In an action to recover the possession of real property, an attack on a judgment which is a part of the chain of title of one of the parties is a collateral attack. (*Priest v. Robinson,* 64 Kan. 416, 420, 67 Pac. 850; *O'Keefe v. Behrens,* 73 Kan. 469, 473, 85 Pac. 555; *Morris v. Sadler,* 74 Kan. 892, 88 Pac. 69.) It was not error to exclude the evidence offered. The abstract does not show that the evidence excluded was produced on the hearing of the motion for a new trial. Unless the evidence was so produced, its exclusion will not compel a reversal of the judgment.

The judgment is affirmed.