No. 27,896.

FRANK H. SCOTT, *Appellee,* v. GEORGE LINN et al., *Appellees;* S. A. MOORE et al., *Appellants.*

(268 Pac. 84.)

Opinion filed June 9, 1928.

*J. P. Evans, Israel Moore,* both of Ulysses, and *F. S. Jackson,* of Topeka, for the appellants.

*S. D. Scott,* of Olathe, *H. E. Walter,* of Syracuse, *W. T. Branch,* of Wichita, and *H. W. Stubbs,* of Ulysses, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff, Frank H. Scott, sued to foreclose a real-estate mortgage given by George Linn. Defendant, the Amsden Lumber Company, admitted the plaintiff's cause of action for the foreclosure of his mortgage, denied that defendants Roger H. Mur-

phy, Mrs. Roger H. Murphy, S. A. Moore and Mrs. S. A. Moore had any right or interest in the real property, and set up a mortgage thereon which the lumber company asked be foreclosed subject to the mortgage held by the plaintiff. Defendant S. A. Moore alleged that he was the owner of the real property and that George Linn never owned it, and denied that the plaintiff had any interest therein. Moore asked that his title to the property be quieted. Anna C. Murphy, Charles R. Murphy, E. Frank Murphy, Anabel Murphy, Dorothy Henderson Jenkins and Calvin Henderson, heirs of Roger H. Murphy, deceased, filed an answer and cross petition.

They alleged that they were the owners of the property, and denied that George Linn ever had any interest in the property, and denied that the plaintiff had any interest therein. They asked that their title be quieted. The plaintiff, in separate replies, denied the allegations in the answers of S. A. Moore and of the heirs of Roger H. Murphy. Defendants G. R. Hickok and H. W. Stubbs admitted the allegations of the plaintiff's petition and of the cross petition of the Amsden Lumber Company, but alleged title to the property in themselves as against S. A. Moore and the heirs of Roger H. Murphy and asked that no judgment be rendered against them except for the foreclosure of the mortgages held by the plaintiff and the Amsden Lumber Company. G. R. Hickok and H. W. Stubbs pleaded *res judicata* as against defendants S. A. Moore and the heirs of Roger H. Murphy by a judgment rendered in a partition action in the district court of Grant county, in which action Sara E. Brown was plaintiff and in which H. E. Ball and a host of others, among which were "Roger H. Murphy, if living, Mrs. Roger H. Murphy, his wife, Christian name unknown, and the unknown heirs, devisees, trustees, executors, administrators and assigns of said Roger H. Murphy, if he be dead; James D. Rawlings, if living, Mrs. James D. Rawlings, his wife, Christian name unknown, and the unknown heirs, devisees, trustees, executors, administrators and assigns of said James D. Rawlings, if he be dead," were defendants.

That judgment which, after service by publication notice, was rendered April 28, 1918, on default on the part of all defendants, decreed that Sara A. Brown was the owner of an undivided one-half of certain real property, a part of which is the property in controversy in the present action, and that Roger H. Murphy and James D. Rawlings each owned an undivided one-fourth thereof. That judgment gave to Sara A. Brown the real property in controversy

in this action, and gave to Roger H. Murphy and James D. Rawlings other property involved in the action for partition but not involved in the present action. G. R. Hickok and H. W. Stubbs claim title derived from Sara A. Brown after the judgment in the partition action. S. A. Moore claims title by virtue of a quitclaim deed from James D. Rawlings, dated May 14, 1924, after the partition judgment had been rendered. The other appellants are the heirs of Roger H. Murphy, deceased, and must claim through him. S. A. Moore and the heirs of Roger H. Murphy demurred to the answer of G. R. Hickok and H. W. Stubbs. That demurrer was overruled. Judgment was rendered foreclosing the mortgage in favor of the plaintiff, foreclosing the mortgage in favor of the Amsden Lumber Company and directing that the proceeds of the sale of the property remaining after paying the amounts owing to the plaintiff and to the Amsden Lumber Company be paid to G. R. Hickok and H. W. Stubbs. S. A. Moore; Mrs. Anna G. Murphy, wife of Roger H. Murphy, deceased; Charles R. Murphy and E. Frank Murphy, sons of Roger H. Murphy, deceased; Dorothy H. Jenkins, granddaughter of Roger H. Murphy; Calvin Henderson, grandson of Roger H. Murphy, deceased; and Anabel Murphy, minor daughter, but fourteen years of age, of said Roger H. Murphy, deceased, appeal.

■ The principal questions argued by the appellants grow out of the order overruling their demurrers to the answer of G. R. Hickok and H. W. Stubbs. Those questions turn on the validity of the judgment in the action prosecuted by Sara A. Brown to partition the real property. Title to the property was adjudicated by that judgment. The attack on it is a collateral one, and unless the judgment is void the attack must fail. (*Pritchard v. Madren,* 31 Kan. 38, 2 Pac. 691; *Caldwell v. Bigger,* 76 Kan. 49, 90 Pac. 1095; *Morris v. Robbins,* 83 Kan. 335, 111 Pac. 470; *Davis v. Davis,* 101 Kan. 395, 166 Pac. 515; *Rennolds v. Guthrie,* 103 Kan. 829, 177 Pac. 359; 34 C. J. 511.) The attack of the appellants is centered on the sufficiency of the affidavit for service by publication. It was sworn to by the attorney for the plaintiff before the petition was filed. The affidavit for publication was made under section 60-2526 of the Revised Statutes. That section in part reads:

"Before service by publication can be made, an affidavit must be filed, stating the residence, if known, of the defendant or defendants sought to be served, and if not known, stating that the plaintiff has diligently inquired as to the residence of such defendant or defendants and has been unable to learn the

place of such residence and that the plaintiff is unable to procure actual service of summons on such defendant or defendants within this state, and showing that the case is one of those mentioned in the preceding section. . . . In actions against unknown heirs, executors, administrators, devisees, trustees and assigns of any deceased person, or in the alternative against a person or his unknown heirs, executors, administrators, devisees, trustees and assigns, or against a corporation or its unknown successors, trustees and assigns, the affidavit shall state that the plaintiff does not know and with diligence is unable to ascertain the names or whereabouts of any such heirs, executors, administrators, devisees, trustees or assigns, or successors, trustees or assigns of a corporation, or with diligence is unable to ascertain whether a person named in the alternative is living or dead, or his whereabouts, and if he be dead is unable to ascertain the names or whereabouts of his heirs, executors, administrators, devisees, trustees or assigns, or is unable to ascertain whether a corporation named in the alternative is legally existing or dissolved, and if not in existence is unable to ascertain the names or whereabouts of its officers, successors, trustees or assigns, if any. . . . "

The parts of the affidavit for publication notice necessary to be examined at this time were as follows:

"H. W. Stubbs, of lawful age, being first duly sworn, upon his oath deposes and says that he is the attorney for the above-named plaintiff, and her duly authorized agent to make this affidavit; that said plaintiff is a nonresident of, and is absent from, the county of Grant and the state of Kansas. . . .

"Roger H. Murphy, if living, Mrs. Roger H. Murphy, his wife, Christian name unknown, and the unknown heirs, devisees, trustees, executors, administrators and assigns of said Roger H. Murphy, if he be dead; James D. Rawlings, if living, Mrs. James D. Rawlings, his wife, Christian name unknown, and the unknown heirs, devisees, trustees, executors, administrators and assigns of said James D. Rawlings, if he be dead . . . and each of them, are nonresidents of the state of Kansas, and that plaintiff cannot obtain personal service of summons on said defendants, or either of them, or any of them, within the state of Kansas. That this plaintiff has diligently inquired as to the place of residence of said defendants and of each of them, and has been unable to learn the place of residence of said defendants or of any or either of them. . . .

"That this plaintiff is with diligence unable to ascertain whether the following named defendants, to wit: . . . James D. Rawlings and Mrs. James D. Rawlings, his wife . . . are living or dead; nor the whereabouts of any of them or either of them; and if they or either of them be dead, that this plaintiff is with diligence unable to learn the name or the whereabouts of any of the heirs, devisees, trustees, executors, administrators or assigns of any such deceased defendant or defendants. . . . "

The affidavit, in substance, complied with all the requirements of section 60-2526 of the Revised Statutes. There may have been some irregularities in the affidavit that could have been taken ad-

vantage of in a direct proceeding for that purpose. The present action is not such a proceeding.

In *Garrett v. Struble*, 57 Kan. 508, 46 Pac. 943, this court said:

"In obtaining service by publication if there is a total failure to state in the notice any material matter required by section 74 of the civil code, the service is void and subject to a collateral attack; but where there is not such an entire omission of a material matter from the notice and it is inferentially or insufficiently set forth therein, the service is merely voidable and can be successfully attacked only in a direct proceeding."

(See, also, *Carey v. Reeves*, 32 Kan. 718, 5 Pac. 22; *Caldwell v. Bigger*, 76 Kan. 49, 90 Pac. 1095; *Doyle v. Hays*, 80 Kan. 209, 102 Pac. 496; *Neiswanger v. Ord*, 81 Kan. 63, 105 Pac. 17; *Hungate v. Hetzer*, 83 Kan. 265, 111 Pac. 183.)

The judgment in *Brown v. Ball et al.*, the partition action, is a valid judgment; it binds all the defendants therein named and their subsequent successors and assigns, and it cannot be impeached collaterally.

■ Another contention by the appellants is that the court committed error in not submitting the cause to a jury. This contention cannot be sustained because the judgment recites that trial by jury was waived and the cause was submitted on the pleadings and the evidence. That evidence consisted largely, if not altogether, of exhibits attached to the pleadings.

■ The appellants urge that the court committed error in not appointing a guardian *ad litem* for Dorothy Murphy, a minor. It does not appear from the record that this matter was called to the attention of the court until after judgment had been rendered; and then by the motion of Mrs. Roger H. Murphy, S. A. Moore and Mrs. S. A. Moore, to set aside the judgment, in which motion it was alleged that Dorothy Murphy, then fourteen years old, was a daughter of Roger H. Murphy; that she had not been made a party to the action; that no guardian *ad litem* had been appointed for her; that E. Frank Murphy was her guardian; that he had not been made a party to the action; that Roger H. Murphy had died prior to the commencement of the action; that Mrs. Roger H. Murphy, widow of Roger H. Murphy, was the administrator of the estate; that she had not been made a party to the action in her representative capacity; and that all should be made parties to the action in order to adjudicate properly the rights of Mrs. Roger H. Murphy, S. A. Moore and Mrs. S. A. Moore. The motion was denied. This mat-

ter should have been presented to the court before judgment was rendered. After judgment it was too late to make additional parties. Mrs. Roger H. Murphy, S. A. Moore and Mrs. S. A. Moore were before the court. The judgment is final, binding and conclusive as to them. They cannot complain of error committed against parties of which the court had no jurisdiction.

Other matters are presented by the appellants. They have been examined. No error has been found in them.

The judgment is affirmed.