## A. M. HORNER v. THEODORE SCHINSTOCK.

### No. 15,982.

#### SYLLABUS BY THE COURT.

DAMAGES—*Judgment Obtained by Perjury.* A party against whom a judgment was obtained by the perjury of the adverse party, committed in testifying on the trial of the action wherein the judgment was rendered, can not, while the judgment remains in force, maintain an action against such adverse party for damages alleged to have been suffered because of such perjury.

Error from Kingman district court; PRESTON B. GILLETT, judge. Opinion filed May 8, 1909. Affirmed.

*C. W. Fairchild,* for the plaintiff in error.

*George L. Hay,* and *L. F. Walter,* for the defendant in error.

The opinion of the court was delivered by

BENSON, J.: The plaintiff alleged that in a former action between the same parties the defendant had given testimony which was wilfully and corruptly false, and had thereby obtained a judgment against the plaintiff, causing damages for which he prayed judgment. A demurrer to this petition was sustained, and of this ruling the plaintiff complains.

It was held in *Laithe v. McDonald,* 12 Kan. 340, that where a party had obtained a judgment by wilful and corrupt perjury committed in the absence of the other party, who had exercised due diligence, the judgment should be vacated in an action brought for that purpose under section 568 of the civil code, which provides that the district courts may vacate or modify their own judgments "for fraud practiced by the successful party in obtaining the judgment or order." The case just referred to is cited by the plaintiff as sustaining his contention, but it does not. That was a direct attack upon the judgment to set it aside; by this action the plaintiff treats the judgment as valid, and seeks to recover damages suffered from it. Such an action can not be maintained. It is the judgment that causes the injury, and it is legally impossible that the losing party to a final adjudication should have an action against his successful adversary to recoup in damages for what he was thus adjudged to render. A judgment, unless set aside or reversed, marks the end of the controversy, and not a mere pause in the litigation. It is possible that a miscarriage of justice may occur through perjury in securing a judgment. It is also possible that damages, if they could be awarded in a new action, might be recovered through the perjury of the other party, and so each succeeding adjudication might be reëxamined in a fresh action until the parties were exhausted. It will not do to open the door to such gen-

eral mischief in order to afford relief against the supposed hardships of a particular case.

While decisions upon the precise situation are not numerous, they are persuasive. In an action commenced in New York, to recover damages because of a judgment obtained by the alleged perjury of the defendant on a trial between the same parties in Connecticut, it was said in the opinion of Mr. Justice Spencer, after stating the evils that would result from the precedent if recovery were permitted:

"The old rule is the safest, that the parties must come prepared at the trial to vindicate themselves, and to detect the falsity of the testimony brought against them, if it be untrue; or they must take their chance of obtaining a new trial, by showing that they were surprised, and that they have detected the imposition." (*Smith v. Lewis,* 3 Johns. [N. Y.] 157, 167.)

In a concurring opinion in the same case Mr. Chief Justice Kent observed:

."It would be against public policy and convenience, it would be productive of endless litigation, and it would be contrary to established precedent, to allow the losing party to try the cause over again in a counter suit because he was not prepared to meet his adversary at the trial of the first suit. The general law of the land, and the rules of every superior court of competent jurisdiction, sufficiently provide against forcing a party to trial without giving him a due opportunity to prepare for his defense, and cases of surprise and injustice are generally redressed by the discretionary power of the courts in setting aside verdicts." (Page 168.)

In addition to the power to set aside verdicts upon motion, referred to in the foregoing quotation, section 570 of our code provides that a new action may be maintained for that purpose. The plaintiff was not therefore denied a remedy by due course of law, as he contends.

This question was presented in the supreme court of Maine in an early case. The plaintiff alleged that the defendants in a former action against him had recov-

ered by means of false testimony, and sued for damages caused by the judgment obtained through such perjury. The court said:

"But the judgment against the plaintiff, so long as it remains in force, must be considered as true and just. He can not be permitted to aver the falsity of that judgment, as the ground for the recovery of damages. It constitutes in itself a clear and unequivocal denial of his allegations. He says that by the fraud and conspiracy of the defendants he has lost the land, but the judgment imports that it was properly rendered in the ordinary course of judicial proceedings. . . . The plaintiff himself presents the judgment as the cause of his injury, and the basis of his claim against all of the defendants. He does not seek to pass by it, as *res inter alios acta,* but in substance admits it to be binding upon him, though he contends it was unjustly obtained, and alleges that his damages have been caused by it." (*Dunlap v. Glidden & als.,* 31 Maine, 435, 437.)

The same result was reached in Wisconsin, and was stated in a clear and forcible opinion by Mr. Justice Whiton, wherein the principle was held applicable to the alleged perjury of a party in securing an adjudication by the officers of the federal land district, whereby the plaintiff had lost a tract of land. A demurrer to the declaration was sustained, and while the general proposition that damages caused through perjury were recoverable in a proper case was conceded, still it was held that the gist of that action was not the perjury but the unjust recovery consequent upon it. It was said in the opinion:

"The reason why the suit can not be maintained is, not that the false statement was made on oath, but because it was testimony taken in the course of a judicial investigation, before a tribunal clothed with authority to decide the matters in controversy between the parties, and was taken in relation to the matter decided. Should the judgment recovered in this suit be permitted to stand, the case would present this anomaly: that while the land which was the subject of controversy between the parties would belong to the plaintiff in error, the reason for the recovery against him in this

suit would be the injustice of the order or decree of the officers of the United States by which it was awarded to him." (*Abbott v. Bahr,* 3 Pinn. [Wis.] 193, 195.)

A like decision was made in New Hampshire. A trustee in the process of foreign attachment had been discharged upon his oath, alleged to have been false. It was held that an action on the case for damages consequent upon the discharge so obtained would not lie. It was said:

"It is quite manifest that in this action the plaintiff seeks to try again the same question that was tried and decided in the former suit between the same parties. This, on well settled principles, he can not be permitted to do." (*Lyford v. Demerritt,* 32 N. H. 234, 237.)

In a case recently decided in this court an effort was made in *habeas corpus* proceedings to retry an issue that had been determined between the same parties by the judgment of a court of competent jurisdiction in another state. Mr. Justice Porter said:

"All courts are likely to be deceived by perjured testimony, and to permit a defeated party to go to another court—foreign or domestic—and procure a retrial of the same issues on the ground that the successful party had fraudulently procured the former judgment upon false testimony would make litigation endless and judgments as unsubstantial as the stuff that dreams are made of." (*Bleakley v. Barclay,* 75 Kan. 462, 470.)

While the issue presented in this case is not the same, the principle stated is quite applicable. (1 Freeman, Judg., 4th ed., § 289; 1 Black, Judg., 2d ed., § 296; *Pico v. Cohn,* 91 Cal. 129; note in 25 Am. St. Rep. 165.) The fact that the judgment was rendered in the same court where this action was commenced can not affect the application of the rule. If maintainable here it could be brought in any court having jurisdiction wherein the defendant might be summoned.

Section 2307 of the General Statutes of 1901, cited as authority for this action, prevents the merger of

the civil right in a criminal prosecution for a felony, but it does not create a remedy where none existed before the prosecution was instituted.

The judgment is affirmed.