Patricia **HEYWOOD**, Plaintiff,

v.

**UNITED STATES,** Defendant.

**Civ. A. No. 83–1563–C.**

United States District Court,
D. Massachusetts.

May 23, 1984.

Carol Petsko, Boston, Mass., Gargano & Piper, Cambridge, Mass., for plaintiff.

Joan Milstein, Asst. U.S. Atty., Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"). Plaintiff seeks damages for intentional infliction of emotional distress, defamation and malicious prosecution. The case is now before the Court on the government's Fed.R. Civ.P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

The facts alleged in the complaint, taken as true for purposes of this motion, are as follows: On or about January 29, 1981, plaintiff, who was at the time an employee of the United States Postal Service, was arrested on a charge of misappropriating Postal Service funds, and was suspended from her job. Plaintiff alleges that a postal inspector who investigated the case later made statements before a Grand Jury which he knew to be false. Plaintiff alleges that the inspector knew or should have known that witnesses had identified the wrongdoer as a man. The Grand Jury indicted plaintiff and, on March 6, 1981, plaintiff was "removed from her job." Plaintiff was acquitted of all charges on April 30, 1981, after a jury trial. Plaintiff was reinstated in her position at the Postal Service in January 1982.

The government has moved to dismiss the complaint arguing that plaintiff's claim is barred by the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a). The exception bars any claim against the government "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

■ A federal prosecutor's decision to prosecute an individual is a discretionary function.

Prosecutorial decisions as to whether, when and against whom to initiate prosecution are quintessential examples of governmental discretion in enforcing the criminal law, and, accordingly, courts have uniformly found them to be immune under the discretionary function exception.

*Gray v. Bell,* 712 F.2d 490, 513 (D.C.Cir. 1983), *cert. denied,* — U.S. ——, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984). The decision whether to prosecute requires the prosecutor to balance multiple facts and policies, including the rights of the accused. *See Smith v. United States,* 375 F.2d 243, 245–48 (5th Cir.), *cert. denied,* 389 U.S. 841, 88 S.Ct. 76, 19 L.Ed.2d 106 (1967). The discretionary function exception was designed to avoid judicial interference in just that type of governmental decision-making. *Blessing v. United States,* 447 F.Supp. 1160, 1170 (E.D.Pa.1978); *see also Gray v. Bell,* 712 F.2d at 514. Accordingly, I rule that the complaint should be dismissed to the extent it challenges the decision of the United States Attorney to prosecute the plaintiff.

■ Plaintiff's claim, on the other hand, that the postal inspector testified falsely before the Grand Jury is not barred by the discretionary function exception. Al-

though the scope of the discretionary function exception is somewhat uncertain, courts have stressed "the nature and quality of the discretion involved in the acts complained of." *Smith v. United States*, 375 F.2d at 246; *see also Gray v. Bell*, 712 F.2d at 490. They focus specifically on whether the challenged activity "involve[s] the balancing of public policy factors." *Sami v. United States*, 617 F.2d 755, 766 (D.C.Cir.1979); *see also Gross v. United States*, 676 F.2d 295, 303 n. 19 (8th Cir. 1982); *Caban v. United States*, 671 F.2d 1230, 1232–33 (2d Cir.1982).

The decision by the postal inspector to give false testimony obviously involves no such balancing. The law in this area leaves no room for the exercise of any discretion whatsoever. Any person called to testify before a Grand Jury, whether or not a government official, is under a legal duty to testify truthfully under oath.

Moreover, the postal inspector's allegedly false testimony was not so intertwined with the United States Attorney's prosecutorial activity as to fall within the scope of the prosecutor's discretion. In *Gray v. Bell*, the plaintiff sought damages for the "improper, tortious, and constitutionally defective manner in which that investigation was carried out." 712 F.2d at 515. He alleged that federal prosecutors had "affirmatively misled and presented what proved to be false evidence to the indicting Grand Jury." *Id.* 712 F.2d at 494. The Court in that case ruled that the prosecutors' activities were "too intertwined" with their discretionary decision to prosecute to permit a claim under the FTCA. There was "no meaningful way in which the allegedly negligent investigatory acts could be considered apart from the totality of the prosecution." 712 F.2d at 515–516.

In this case, plaintiff does not attack the investigative methods of the United States Attorney, nor his presentation of evidence to the Grand Jury. Rather, she focuses solely on the decision of the postal inspector to testify falsely to the Grand Jury. She does not allege that the United States Attorney exercised any control, direct or indirect, over the investigation or testimony of the postal inspector. The complaint, in short, alleges no facts which would lead this Court to view the inspector's activities as part of the United States Attorney's discretionary activity rather than as the activity of an unrelated third party.

For those reasons, I rule that the complaint is not barred by the discretionary function exception to the extent it seeks damages for the postal inspector's false testimony before the Grand Jury, and that the motion to dismiss that claim should be denied.[*]

█ Finally, plaintiff also seeks damages against the United States for defamation. However, the so-called intentional torts exception to the FTCA, 28 U.S.C. § 2680(h), states explicitly that claims for libel and slander are not actionable against the United States. *See, e.g., Jimenez-Nieves v. United States*, 682 F.2d 1, 6 (1st Cir.1982); *Nixon v. NLRB*, 559 F.Supp. 1265, 1268 (W.D.Mo.1983); *Wilcox v. United States*, 509 F.Supp. 381, 387 (D.D.C. 1981). In 1974, Congress amended § 2680(h) to permit actions against the United States for certain intentional torts committed by investigative or law enforcement officers. Even if the postal inspector qualifies as an investigative or law enforcement officer—a question which I need not and do not consider here—the amendment does not authorize actions against the United States for defamation. Accordingly, I rule that the complaint should be dismissed to the extent it seeks damages for defamation.

Order accordingly.

---

[*] I express no opinion as to whether that claim is barred on any other grounds. I rule simply that the claim based on the postal inspector's false testimony is not barred by the discretionary function exception.