Joseph S. SOTTILE, Jr., Plaintiff,

v.

**UNITED STATES of America, et al., Defendants.**

Civ. A. No. 84–2926.

United States District Court,
District of Columbia.

April 29, 1985.

Richard D. Paugh, Rockville, Md., for plaintiff.

Scott T. Kragie, Asst. U.S. Atty., Dept. of Justice, Jerome P. Jones, F.A.A., Washington, D.C., for defendants.

## MEMORANDUM AND ORDER DISMISSING COMPLAINT

BARRINGTON D. PARKER, District Judge.

This matter is before the Court on defendants' motion to dismiss. Plaintiff Sot-

tile filed this action against the United States government and several defendants [1] in their individual capacities claiming malicious prosecution, negligence, defamation, and tortious interference with a contract. The action against the government was brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq.; jurisdiction over the government arises out of the Act. 28 U.S.C. § 1346(b). Jurisdiction over the remaining individual defendant, Leo O'Berry, is apparently based on this Court's diversity jurisdiction.[2] The defendants have moved to dismiss this matter on several grounds: the exclusion of the named torts from the FTCA, lack of subject matter jurisdiction over the claim against the individual defendant O'Berry, and his absolute immunity from liability for the common law torts. For the reasons set forth below, defendants' motion to dismiss is **granted.**

## FACTS

Sottile is a flight instructor, certified by the Federal Aviation Administration ("FAA"). He operated a business, which included providing flight instruction, in Michigan. In the Fall of 1980, the Detroit, Michigan FAA office received a complaint against the plaintiff filed by a student, John Cook. The complaint alleged that Gook did not receive flight instruction from the plaintiff, a certified instructor, but had received lessons from a non-certified instructor contrary to his expectations and to the price paid for the lessons. Further, he alleged that false entries (a rubber stamp with plaintiff's name) were made on his student pilot log book. The entries indicated that Sottile had accompanied Cook on several flights; Cook contended that another pilot had instead flown with him.

On the basis of this charge, the FAA commenced an investigation of plaintiff and his business. Defendant O'Berry, the chief inspector of the FAA's Michigan office, was involved in the investigation. Shortly thereafter, Cook withdrew his allegations against the plaintiff for reasons which he never fully explained. Nevertheless, the FAA continued its investigation into the incident. An Enforcement Investigation Report ("EIR") was prepared regarding the investigation which contained evidence, information obtained during the investigation, and a recommendation that plaintiff's Certified Flight Instructor ("CFI") certificate be revoked. The EIR was forwarded to the Regional Flight Standards Division in Chicago, Illinois. The Division concurred with the revocation recommendation. The recommendation was forwarded to the Regional Counsel who issued an Order of Revocation of Plaintiff's CFI Certificate on October 23, 1981.[3] Sottile then pursued his statutory right to appeal the Order of Revocation to the National Transportation Safety Board ("NTSB"). 49 U.S.C. § 1429; 49 C.F.R. Part 821. A hearing was held before an Administrative Law Judge ("ALJ") in Washington, D.C. on April 6, 1982. In an opinion issued on June 23, 1982, the ALJ reversed the Order of Revocation largely on the basis that Cook, without fraud or coercion, had recanted his original charge. The ALJ found that there was a clear preponderance of evidence that Sottile had not violated any FAA regulations and that the FAA had failed to sustain its burden of proof in this respect. That decision was subsequently adopted by the NTSB. On September 19, 1984, plaintiff filed this action alleging claims under the FTCA and common law torts.

## ANALYSIS

### A. Claims Against the Government Under the FTCA

■ The government contends that this action should be dismissed pursuant to Fed.

---

1. On February 8, 1985, the Court issued an Order which dismissed the action against two of the individual defendants, Joseph Mastro and Carl Schellenberg, for failure to prosecute.

2. *See* discussion at 1044–1045 *infra.*

3. The statutory authority for such action is found in 49 U.S.C. § 1429; 14 C.F.R. § 13.19(b). Such an action must first be proceeded by notice. 14 C.F.R. § 13.19(c). The plaintiff makes no allegation that notice given to him was insufficient.

R.Civ.P. 12(b)(6) because the common-law torts charged against the government are excluded under the FTCA.[4] The FTCA exclude from its coverage

Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided,* That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title [28 USCS § 1346(b) ] shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

28 U.S.C. § 2680(h). The United States still retains its sovereign immunity with respect to defamation and tortious interference with a contract. Therefore, plaintiff is barred from recovery for those claims. *Cf. Art Metal-U.S.A., Inc. v. United States,* 753 F.2d 1151, 1154–56 (D.C.Cir. 1985) (barring claims under § 2680(h) for interference with prospective advantage and injurious falsehood—derivations of interference with contract rights and defamation). *See also Wilcox v. United States,* 509 F.Supp. 381, 387 (D.D.C.1981)

(federal government immune from actions for defamation).

■ Malicious prosecution is also an excluded tort under the FTCA. However, § 2680(h) contains a proviso which allows a claimant to seek recovery for malicious prosecution if the act is committed by "investigative or law enforcement officers of the United States" "who [are] empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." In order for plaintiff to state a claim under this section, the FAA investigative officers in this case must be vested with the powers listed above. However, the law of this Circuit is such that the plaintiff "must clear the 'discretionary function' hurdle *and* satisfy the 'investigative or law enforcement officer' limitation to sustain the malicious prosecution component of his FTCA claim." *Gray v. Bell,* 712 F.2d 490, 508 (D.C.Cir.1983) (emphasis in original), *cert. denied,* — U.S. —, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984). Since the Court finds that the government has not waived its sovereign immunity with respect to the prosecution in this action under the discretionary function exemption in 28 U.S.C. § 2680(a), the application of the investigative officer language need not be reached.[5]

The malicious prosecution claim must thus be analyzed under the discretionary function exemption of the FTCA. 28 U.S.C. § 2680(a). In addition, plaintiff's negligence claim for investigation and prosecution of the charges against him must be analyzed under that exemption. Section

---

**4.** Since the Court finds that the complaint should be dismissed against the government under Fed.R.Civ.P. 12(b)(6), there is no need for the Court to reach defendants' claim that venue under the FTCA does not lie in this district. A dismissal for improper venue could not be made with prejudice. *Stebbins v. Nationwide Mutual Ins. Co.,* 757 F.2d 364, 370 (D.C.Cir. 1985).

**5.** On a preliminary inquiry, the Court finds nothing in the Federal Aviation Act, 49 U.S.C. § 1301 *et seq.,* which would support an assertion that FAA investigators have the authority to execute searches, seize evidence, or make ar-

rests for federal law violations. *Cf.* 49 U.S.C. § 1482(b) (formal investigation by FAA Administrator or Board); 49 U.S.C. § 1484 (Civil Aeronautics Board vested with subpoena power). *See EEOC v. First Nat'l Bank of Jackson,* 614 F.2d 1004, 1007–08 (5th Cir.1980), *cert. denied,* 450 U.S. 917, 101 S.Ct. 1361, 67 L.Ed.2d 347 (1981) (EEOC does not fall within definition of investigative or law enforcement officers); *United States v. Rubin,* 573 F.Supp. 1123, 1124–25 (D.Colo.1983) (Justice Department and United States Attorneys are not within definition of investigative or law enforcement officers).

2680(a) provides that FTCA does not apply to

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

The purpose of the discretionary function exception was recently noted by the Supreme Court.

> [The discretionary function exception] was intended to encompass the discretionary acts of the Government acting in its role as a regulator of the conduct of private individuals. Time and again the legislative history refers to the acts of regulatory agencies as examples of those covered by the exception, and it is significant that the early tort claims bills considered by Congress specifically exempted two major regulatory agencies by name. * * * This emphasis upon protection for regulatory activities suggests an underlying basis for the inclusion of an exception for discretionary functions in the Act: Congress wished to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.

*United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines),* —— U.S. ——, ——, 104 S.Ct. 2755, 2765, 81 L.Ed.2d 660 (1984).

■ The initial decision to investigate the complaint filed by Cook as well as the decision to continue the investigation after Cook had withdrawn his charges against Sottile are entirely within the discretionary function exception. 49 U.S.C. § 1482(a) authorizes the Secretary of Transportation or the Civil Aeronautics Board to receive complaints and to investigate them. *See also* 14 C.F.R. §§ 13.3; 13.5. A great deal of latitude remains with the Secretary or the Board as to whether to investigate or to continue the investigation. *Cf. Transamerica Airlines, Inc. v. Civil Aeronautics Board,* 661 F.2d 244, 250–51 (D.C.Cir. 1981). Thus, the decision to continue investigating plaintiff with respect to alleged violations of FAA regulations after Cook had withdrawn his allegations was well within the province of discretion under the Federal Aviation Act. *Cf. Varig Airlines,* 104 S.Ct. at 2766–69 ("FAA's alleged negligence in failing to check certain specific items in the course of certificating a particular aircraft falls squarely within the discretionary function exception of § 2680(a)").

There is no question that the initial charges [6] by Cook formed a reasonable basis to investigate the plaintiff; the decision to issue an Order of Revocation (and thus "initiate" a prosecution) was a discretionary decision to be made by FAA officials during and after the course of investigation. The FAA inspectors are given a necessarily broad amount of flexibility and discretion in planning an investigation and preparing a report. *See Compliance and Enforcement Program,* Dept. of Transportation—Federal Aviation Administration, FAA Order No. 2150.3 at ¶¶ 401; 906 (reprinted, October 1983).

The claims of malicious prosecution and negligence in connection with the issuance of an Order of Revocation which the plaintiff was forced to appeal to the NTSB also fall within the discretionary function exception. In *Gray,* 712 F.2d 490, the plaintiff filed charges of malicious prosecution and gross negligence in connection with a preindictment investigation and presentation to the Grand Jury. The Court held that

> It is plain that Gray's FTCA claim was properly dismissed insofar as it incorpo-

---

**6.** Making false entries into a student pilot logbook is a violation of Federal Aviation Regulation 61.59(a)(2). *See Helms v. Sottile,* Docket No. SE–5388, Memorandum at 1 (Initial Decision of ALJ for the NTSB) (June 23, 1982) (attached as an exhibit to plaintiff's opposition to motion to dismiss).

rates the malicious prosecution claim and thus challenges the actual decision to institute prosecution against him. Prosecutorial decisions as to whether, when and against whom to initiate prosecution are quintessential examples of governmental discretion in enforcing the criminal law, and, accordingly, courts have uniformly found them to be immune under the discretionary function exception. *Id.* at 513. In that case, the court also found that the alleged conduct by prosecutors which related to the decision to prosecute was "too intertwined with purely discretionary decisions of the prosecutors to be sufficiently separated from the initial decision to prosecute." *Id.* at 515–16. *See also Bernitsky v. United States*, 620 F.2d 948, 955 (3rd Cir.1980), *cert. denied*, 449 U.S. 870, 101 S.Ct. 208, 66 L.Ed.2d 90 (1980); (investigative and enforcement decisions in a case involving the Mining Enforcement and Safety Administration are within discretionary function exception).

## B. Common Law Tort Claims Against the Defendant O'Berry

■ The government argues that this Court does not have subject matter jurisdiction over the claims against O'Berry because both he and the plaintiff are residents of the State of Michigan. Although the plaintiff argues that there is diversity of citizenship,[7] this Court need not make a final determination with respect to diversity because the claims against the individual are subject to pendent jurisdiction. *Lykins v. Pointer*, 725 F.2d 645, 648–49 (11th Cir. 1984).

Recovery for the common law tort claims against the individual defendant is barred by absolute immunity. *Barr v. Mateo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); *McKinney v. Whitfield*, 736 F.2d 766, 768–69 (D.C.Cir.1984); *Gray*, 712 F.2d

at 505. However, in order to claim this immunity, the actions by federal officials must have been " 'taken ... within the outer perimeter of [their] line of duty.' " *McKinney*, 736 F.2d at 769 (quoting *Barr*, 360 U.S. at 575, 79 S.Ct. at 1341).

■ The discussion above indicates that the defendants' actions, including the investigation of Cook's complaint against the plaintiff and the continued investigation after the withdrawal of the complaint, were within the scope of O'Berry's official duties. *Cf. McKinney*, 736 F.2d at 770 (absolute immunity for liability from common law torts would be available for certain conduct in administering an FAA program, but not where excessive means are used). This is not a case where excessive means, such as physical force, was used in the course of conduct clearly related to official duties. Here, the defendants, although ultimately deemed to have been mistaken, pursued actions distinctly authorized by statute and regulations, especially in light of the amount of discretion inherent in the FAA investigative activities. *See supra* at 1042–1044. Moreover, this Circuit in *Gray, supra*, has indicated that where the discretionary function test under the FTCA has been satisfied, it is extremely likely that the test for absolute immunity is also satisfied. 712 F.2d at 505–06. Therefore, defendant O'Berry is entitled to claim absolute immunity from liability for the common law tort claims brought against him.

In accord with the above, it is this 29th day of April, 1985,

### ORDERED

That defendants' motion to dismiss is **granted** and this action is **dismissed** with prejudice.

---

7. Plaintiff simply asserts in its opposition to the motion to dismiss that he is a citizen of Ohio. Opp. at IV. In the caption of the complaint, plaintiff states that he is a citizen of Michigan. The Court has grave doubts as to diversity of citizenship, especially since the plaintiff has not amended his complaint to reflect his "true" citizenship. Plaintiff's counsel is entirely remiss in

his duty to the Court and the other parties in this litigation and appears to be playing fast and loose with the Federal Rules of Civil Procedure and otherwise acting in an irresponsible manner. However, given this Court's pendent jurisdiction over the claims asserted against O'Berry, this dilemma need not be resolved.