Donald L. CROW, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 83–2453.

United States District Court,
D. Kansas.

April 8, 1986.

Mark S. Gunnison, McDowell, Rice & Smith, Kansas City, Kan., for plaintiff.

Benjamin L. Burgess, Jr., U.S. Atty., Robert A. Olsen, Asst. U.S. Atty., Kansas City, Kan., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on defendant's motion to dismiss or in the alternative for summary judgment and defendant's motion for stay of discovery.

This matter arises out of an undercover investigation by the Postal Inspection Department of the United States Postal Service, which led to the prosecution of plain-

tiff for mail fraud. At trial, a verdict of acquittal was entered in favor of plaintiff at the close of the government's evidence. Pursuant to the Federal Tort Claims Act, plaintiff brings this action against the United States for malicious prosecution, abuse of the grand jury process, outrage and deprivation of plaintiff's rights under the United States, Kansas and Missouri Constitutions.

Looking at the record in the light most favorable to plaintiff, the facts pertinent to defendant's motions are as follows. The postal inspection investigation at issue in this case was targeted at lawyers and doctors allegedly involved in submitting fraudulent insurance claims. As part of the investigation, the postal inspectors staged and created the appearance of an automobile accident in which they were allegedly involved. The inspectors created fictitious identifications and obtained false driver's licenses, vehicle registrations and tags. They also had a fictitious liability insurance policy, accident report and traffic citation prepared. The postal inspectors, posing as the driver and passengers involved in the fictitious accident, engaged plaintiff to represent them in their legal claims arising out of the automobile accident. Plaintiff negotiated a settlement with the insurance company on behalf of his clients.

During the investigation, the inspectors made numerous tape recordings of conversations and meetings between plaintiff and the inspectors. They also took notes and wrote memoranda recording what took place. Based on these notes and memoranda, the inspector in charge of the investigation submitted to the Assistant United States Attorney a letter summarizing plaintiff's alleged criminal acts and recommending prosecution. The tape recordings were not presented to the United States Attorney's Office. The inspector's notes were presented before a grand jury as exhibits. The inspector in charge of the investigation testified before the grand jury regarding plaintiff's alleged criminal activities.

The grand jury indicted plaintiff on charges of mail fraud, claiming that plaintiff devised a scheme to defraud the insurance company. At trial, the judge entered a judgment of acquittal at the close of the government's evidence.

The gravamen of plaintiff's complaint is that the "postal inspectors simply lied and misrepresented precisely that which took place in the meetings and conversations with plaintiff and what it is they had told plaintiff, what it was plaintiff told them and what it was plaintiff in fact did." Plaintiff's Memorandum at 9. According to plaintiff, these lies occurred in the agents' memoranda, in the referral letter to the Assistant United States Attorney and in the chief inspector's testimony before the grand jury. The postal inspectors' actions in bringing about the indictment and prosecution were made without probable cause and with reckless and intentional disregard for the truth.

## I. *Motion to Dismiss.*

### A. *Subject Matter Jurisdiction.*

Defendant moves for dismissal on the grounds that this action is barred by the discretionary function exception to the Federal Tort Claims Act (hereinafter FTCA), or in the alternative, that this action is barred by the FTCA's exception for misrepresentation and deceit. As a threshold matter, plaintiff argues that these are affirmative defenses that the defendant waived by failing to plead them in its answer. *See* Federal Rule of Civil Procedure 8(c). We disagree.

It is well established that the discretionary function exception to the FTCA, found at 28 U.S.C. § 2680(a), is a jurisdictional bar to consideration of a legal claim. *First National Bank in Albuquerque v. United States,* 552 F.2d 370, 374 (10th Cir. 1977); *Smith v. United States,* 546 F.2d 872, 876 (10th Cir.1976). The same rule should apply to the misrepresentation and deceit exception to the Act, found at 28 U.S.C. § 2680(h). A challenge to the court's subject matter jurisdiction is never waived and may be raised at any time. Federal Rule of Civil Procedure 12(h)(3).

*See also* 5 Wright & Miller, *Federal Practice and Procedure* § 1393 at 863. The fact that defendant has improperly raised these objections to subject matter jurisdiction in a 12(b)(6) motion to dismiss for failure to state a claim rather than a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, does not prevent the court from entertaining defendant's objections. *See* Wright & Miller, *Federal Practice and Procedure* § 1393 at 867–68.

### 1. The discretionary function exception.

Defendant contends that *all* of plaintiff's claims are barred by the discretionary function exception. Plaintiff first argues that the discretionary function exception does not apply to his claims of malicious prosecution or abuse of process because of the special provision at 28 U.S.C. § 2680(h). That provision allows a claimant to recover for malicious prosecution and abuse of process if the acts were committed by "investigative or law enforcement officers of the United States" "who [are] empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id.* Because postal inspectors are authorized to serve warrants and make arrests, *see* 39 C.F.R. § 233.1, plaintiff argues that his malicious prosecution and abuse of process claims are not barred under section 2680(h).

■ Defendant, however, argues that even though plaintiff satisfies the "investigative or law enforcement officer" limitation, the discretionary function exception may still apply to his malicious prosecution and abuse of process claims. We agree and hold, in accord with other courts, that plaintiff must both clear the discretionary function hurdle *and* satisfy the investigative or law enforcement officer limitation to sustain his malicious prosecution and abuse of process claims. *See Gray v. Bell*, 712 F.2d 490, 508 (D.C.Cir.1983), *cert. denied*, 465 U.S. 1100, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984); *Sottile v. United States*, 608 F.Supp. 1040, 1042 (D.D.C. 1985).

We must therefore determine whether all of plaintiff's claims are barred under the discretionary function exception. The FTCA authorizes suits against the United States for damages for:

> injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).

The discretionary function exception of the FTCA states that the jurisdictional grant of 28 U.S.C. § 1346(b) shall not apply to:

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

*Id.* at § 2680(a).

■ The purpose of the exception is to shield essential government decision making from disruptive and unreasonable challenges in the courts. *Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). The exception encompasses "more than the initiation of programs and activities. It also includes determinations made by executives or administrators in establishing plans, specifications, or schedules of operations. Where there is room for policy judgment and decision, there is discretion." *Id.* at 35–36, 73 S.Ct. at 967–68.

In the most recent Supreme Court case interpreting the exception, the Court held that two factors are useful in determining when the acts of a government employee are protected from liability. *See United*

States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984), reh'g denied, —— U.S. ——, 105 S.Ct. 26, 82 L.Ed.2d 919 (1985). First, "it is the nature of the conduct, rather than the status of the act, that governs whether the discretionary exception applies in a given case." Id. 104 S.Ct. at 2765. Accordingly, the basic inquiry is whether the challenged acts of a government employee, whatever his position or rank, "are of the nature and quality that Congress intended to shield from tort liability ... [to avoid] judicial 'second guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." Id. Second, the discretionary function exception "plainly was intended to encompass the discretionary acts of the Government acting in its role as a regulator of the conduct of private individuals." Id.

 Applying these standards to the instant case, we hold that to the extent plaintiff challenges the planning, preparation and completion of the undercover investigation, plaintiff's claims are barred by the discretionary function exception. The decision on how to investigate, who to investigate and how to present evidence to the proper authorities are classic examples of discretionary conduct. Gray v. Bell, 712 F.2d 490, 514 (D.C.Cir.1983), cert. denied, 465 U.S. 1100, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984); Bradley v. United States, 615 F.Supp. 206, 209 (D.Pa.1985). However, to the extent plaintiff claims that the postal inspectors falsified their memoranda and reports and gave false testimony to bring about plaintiff's prosecution, we hold that these claims are not barred by the discretionary function exception.

We rely on the case Heywood v. United States, 585 F.Supp. 590 (D.Mass.1984), in support of our holding. In that case, the court concluded that a plaintiff's claims for intentional infliction of emotional distress and malicious prosecution based on a postal inspector's alleged false testimony before a grand jury were not barred by the discre-

tionary function exception. The Heywood court stated:

> Plaintiff's claim ... that the postal inspector testified falsely before the Grand Jury is not barred by the discretionary function exception. Although the scope of the discretionary function exception is somewhat uncertain, courts have stressed "the nature and quality of the discretion involved in the acts complained of." They focus specifically on whether the challenged activity "involves the balancing of public policy factors."
>
> The decision by the postal inspector to give false testimony obviously involves no such balancing. The law in this area leaves no room for the exercise of any discretion whatsoever. Any person called to testify before a Grand Jury, whether or not a government official, is under a legal duty to testify truthfully under oath.

585 F.Supp. at 591–92 (citations omitted). Accord. Wright v. United States, 719 F.2d 1032, 1035 (9th Cir.1983) (the conduct of an investigative officer before the grand jury, "including the nature of his testimony," is not immune as a discretionary function).

Defendant argues that the case Gray v. Bell, 712 F.2d 490 (D.C.Cir.1983), cert. denied, 465 U.S. 1100, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984), mandates a different conclusion. The Gray case is, however, distinguishable from the case at bar. In Gray, the plaintiff sought damages for the "improper, tortious, and constitutionally defective manner in which [a criminal] investigation was carried out." Id. at 515. He alleged that federal prosecutors had "affirmatively misled and presented what proved to be false evidence to the indicting Grand Jury." Id. at 494. The court in Gray ruled that the prosecutors' activities were "too intertwined" with their discretionary decision to prosecute, and thus, plaintiff's claim was barred by the discretionary function exception. There was simply "no meaningful way in which the alleged negligent investigatory acts could be considered apart from the totality of the prosecution." Id. at 515–16.

In the case at bar, plaintiff does not attack the investigatory methods of the Assistant United States Attorney or his presentation of the evidence to the grand jury, which clearly would be barred by the doctrine of prosecutorial immunity. Rather, plaintiff focuses on the conduct of the postal inspectors. Plaintiff does not allege that the Assistant United States Attorney exercised control over the inspectors' reports or testimony. Thus, there was no "intertwining" to preclude the separate consideration of the inspectors' conduct from the prosecutor's.

█ We are convinced that Congress never intended to shield the government from liability for an employee's acts in falsifying records or lying to bring about a suspect's criminal prosecution. This type of conduct is certainly not the type of "legislative [or] administrative decision grounded in social, economic, and political policy" that must be protected from "second guessing." *Varig Airlines,* 104 S.Ct. at 2765. We therefore hold that to the extent plaintiff claims the postal inspectors falsified their reports and memoranda and gave false testimony so as to bring about plaintiff's prosecution, plaintiff's action is not barred by the discretionary function exception to the Federal Tort Claims Act. To the extent, however, that plaintiff challenges the planning, preparation and completion of the investigation, plaintiff's claims are barred.

2. The misrepresentation and deceit exception to the Federal Tort Claims Act.

Defendant argues that in the event plaintiff's claims are not barred by the discretionary function exception, this action is prohibited by the exception found at 28 U.S.C. § 2680(h) for claims of misrepresentation and deceit. We disagree and hold that plaintiff's claims do not fall within the scope of the section 2680(h) exception for misrepresentation and deceit.

To determine the proper scope of the section 2680(h) exception, we must turn to the "traditional and commonly understood legal definition of the tort." *United States v. Neustadt,* 366 U.S. 696, 706, 81 S.Ct. 1294, 1300, 6 L.Ed.2d 614 (1961). To accomplish this task, we must refer, as the Supreme Court did in *Neustadt,* to the *Restatement (Second) of Torts.* According to the *Restatement,* the tort of misrepresentation is the same as deceit. *Restatement (Second) of Torts* Ch. 22, Topic 1 at 55. The *Restatement* makes it clear that one essential element of misrepresentation is reliance *by the plaintiff himself* upon the false information that has been provided. *Id.* § 525 at 55, § 537 at 80, § 552 at 126, and § 552C at 141. Even when the misrepresentation is made to a third party, the plaintiff must have suffered damages because he himself acts in justifiable reliance upon the misrepresentation. *Id.* § 533 at 72–73.

█ Based on these definitions, we hold that plaintiff's claims that the postal inspectors falsified their records and gave false testimony are not claims for "misrepresentation" or "deceit" within the scope of section 2680(h). The inspectors' statements were not made to plaintiff and were in no way relied upon by him. Certainly, Congress never intended to define misrepresentation so broadly as to include false statements that are happenstance causal elements of other torts. *See Jimenez-Nieves v. United States,* 682 F.2d 1, 5 (1st Cir.1982). We therefore hold that plaintiff's claims are not barred by the misrepresentation and deceit exceptions to the FTCA.

B. *Failure to State a Claim.*

█ The court may not dismiss plaintiff's complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss, the factual allegations of the complaint must be accepted as true and all reasonable inferences must be made in favor of the plaintiff. *Mitchell v. King,* 537 F.2d 385,

386 (10th Cir.1976). Motions to dismiss are generally viewed with disfavor and are rarely granted. 5 Wright & Miller, *Federal Practice and Procedure* § 1357 at 598.

### 1. Constitutional claims.

Defendant moves to dismiss plaintiff's constitutional claims for failure to state a claim. The government may be held liable under the FTCA only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the *law of the place* where the act or omission occurred." 28 U.S.C. § 1346(b) (emphasis added). Defendant contends that because there is no Kansas law recognizing these constitutional torts, plaintiff's constitutional claims must be dismissed.

■ Plaintiff's constitutional claims arise under the United States, Kansas and Missouri Constitutions. The events of which plaintiff complains occurred in Kansas.[1] Thus, plaintiff has stated a claim under the FTCA based on the Kansas but not the Missouri Constitutions. The only remaining issue is whether plaintiff has stated a claim under the FTCA based on the United States Constitution.

In essence, plaintiff seeks to bring a *Bivens*-type action under the FTCA against the United States Government for deprivation of due process. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court held "[t]hat damages may be obtained for injuries consequent upon a violation of the Fourth Amendment by federal *officials.*" *Id.* at 395, 91 S.Ct. at 2004 (emphasis added). *Bivens* also recognized, however, that the *United States* did not become vicariously liable for constitutional torts of its officials, reaffirming that the United States did not waive its sovereign immunity from such actions.

In 1974, however, Congress amended the FTCA to allow suits against investigative or law enforcement officers for abuse of process, malicious prosecution and several other intentional torts. *See* 28 U.S.C. § 2680(h). The exception applies to "[a]ny claim" arising out of these intentional torts, and, thus, the amendment might appear to sanction recovery not only for the specified torts but for all constitutional violations that arise from these tortious acts. *Brown v. United States*, 653 F.2d 196, 200 (5th Cir.1981).

The language of the amendment, however, limits governmental submission to suit by subjecting all actions brought under the proviso to "the provisions of this chapter and section 1346(b)." As discussed above, section 1346(b) states that tort actions may be brought against the United States only if a private person would be liable to the plaintiff in accordance with the law of the place where the act or omission occurred. Thus, it would appear that constitutional claims do not escape the "law of the place" limitation. *Brown*, 653 F.2d at 201.

In *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), the Court considered whether Congress meant to preclude *Bivens* actions against government officials by enacting the 1974 amendment. The Court concluded that *Bivens* actions were permissible actions "complimentary" to the remedy provided by the 1974 amendment to the FTCA. *Id.* at 18, 100 S.Ct. at 1471. In deciding that the plaintiff could maintain a *Bivens* action against the individual federal officials for violations of constitutional rights, the Court discussed why a *Bivens* remedy against the individuals was more effective than a FTCA remedy against the government. The Court stated:

> [A]n action under FTCA exists only if the State in which the alleged misconduct occurred would permit a cause of action for that misconduct to go forward.... Yet it is obvious that the liability of

---

1. The alleged falsified reports and the letter recommending prosecution were turned over to the Assistant United States Attorney in Kansas. Furthermore, the grand jury proceedings and criminal trial took place in Kansas. Any claims based on the investigation itself, which took place in Missouri, have been dismissed.

federal officials for violations of citizens' constitutional rights should be governed by uniform rules.... The question whether respondent's action for violations by federal officials of federal constitutional rights should be left to the vagaries of the laws of the several States admits of only a negative answer in the absence of a contrary congressional resolution.

*Id.* at 23, 100 S.Ct. at 1474.

This language has been construed to mean that the liability of the United States under the FTCA arises only when the law of the state would impose it. *See Brown v. United States,* 653 F.2d 196, 201 (5th Cir.1981); *Van Schaick v. United States,* 586 F.Supp. 1023, 1031 (D.S.C.1983). Thus, as a creation of federal law, a claim under the United States Constitution cannot be brought under the FTCA. *Id.* Other courts have simply construed the language of the statute to hold that such claims are barred because they are founded on the United States Constitution and not the laws of the state. *See Arnsberg v. United States,* 757 F.2d 971, 980 (9th Cir. 1984), *petition for cert. den.,* —— U.S. ——, 106 S.Ct. 1183, 89 L.Ed.2d 300 (1985); *Boda v. United States,* 698 F.2d 1174, 1176 (11th Cir.1983); *Birnbaum v. United States,* 588 F.2d 319, 327 (2d Cir.1978). Our research has revealed only one case in which it was held that the government may be sued for constitutional torts. *See Norton v. United States,* 581 F.2d 390, 392–95 (4th Cir.), *cert. denied,* 439 U.S. 1003, 99 S.Ct. 613, 58 L.Ed.2d 678 (1978). That case, however, was decided before *Carlson.*

In light of the foregoing, we hold that plaintiff has failed to state a claim under the FTCA based on either the United States or Missouri Constitutions. Defendant's motion to dismiss will therefore be granted with respect to these constitutional claims.

2. Probable cause and res judicata.

Defendant moves for dismissal of this action on the ground that the existence of probable cause has already been determined as a matter of law. Consequently, plaintiff's action is barred by the doctrine of res judicata. For the reasons discussed below, we must disagree.

To maintain an action for malicious prosecution, the plaintiff must prove both malice and lack of probable cause, and unless both are proved, the plaintiff's claim must fail. *Stohr v. Donahue,* 215 Kan. 528, 529, 527 P.2d 983, 985 (1974). Defendant contends that the issue of probable cause was already determined by virtue of the grand jury's decision to indict. Further, it was determined by the court's denial of plaintiff's motions to quash and dismiss the indictment during the criminal trial. Defendant contends that these determinations of probable cause bar relitigation of the issue.

It is well established that the inquiry as to the want or existence of probable cause is limited to the facts and circumstances that were apparent at the time the prosecution was commenced. *Stohr,* 215 Kan. at 530, 527 P.2d at 985; *Thompson v. General Finance Company, Inc.,* 205 Kan. 76, 90, 468 P.2d 269, 281 (1970). Thus, an indictment by a grand jury is generally held to be prima facie evidence of the existence of probable cause. 52 Am.Jur.2d *Malicious Prosecution* § 177 at 296. An indictment, however, is not sufficient to show probable cause if the plaintiff alleges that the suit was procured by fraud or false or perjured testimony. *Id.*

Because plaintiff in this case makes allegations that the indictment was based on false testimony and falsified records, the grand jury's indictment is not sufficient to establish the existence of probable cause. Consequently, the issue of probable cause has never been adjudicated on the merits and plaintiff's action is not barred by the doctrine of res judicata. Defendant's motion must therefore be denied.

3. Witness immunity.

Defendant moves to dismiss on the basis of witness immunity. Pursuant to the

FTCA, the government may be held liable only to the same extent as a private individual. 28 U.S.C. § 1346(b). Defendant argues that because immunity would be extended to any individual as to claims arising from testimony given at a judicial proceeding under Kansas law, the government is similarly immune.

As defendant correctly asserts, no civil cause of action for damages exists in Kansas for either perjury or conspiracy to commit perjury. *See Horner v. Schinstock*, 80 Kan. 136, 137–38, 101 P. 996, 997 (1909); *Hokanson v. Lichtor*, 5 Kan.App.2d 802, 805, 626 P.2d 214, 222 (1981). Relying on *Hokanson*, defendant contends that because all of the actions set forth by plaintiff in his complaint assert allegations of knowing misrepresentation to the grand jury and the conspiracy to submit such representation, plaintiff's complaint fails to state a cause of action under Kansas law.

█ We must disagree. This is not an action for defamation or damages for perjury based upon the grand jury testimony, but rather an action for malicious prosecution. The alleged falsified reports, referral letter and false testimony are simply evidence of malice and the lack of probable cause. The alleged false testimony is not in and of itself the entire case as was true in the *Hokanson* case. Defendant's motion to dismiss on the basis of witness immunity will therefore be denied.

## II. *Motion for Summary Judgment.*

The entry of summary judgment is appropriate when the matters considered by the court disclose that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Federal Rule of Civil Procedure 56(c). The court must look at the record in the light most favorable to the party opposing the motion. *Prochaska v. Marcoux*, 632 F.2d 848, 850 (10th Cir.1980), *cert. denied*, 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 841 (1981). Before summary judgment may be granted, the moving party must establish that it is entitled to summary judgment beyond a reasonable doubt.

*Ellis v. El Paso Natural Gas Co.*, 754 F.2d 884, 885 (10th Cir.1985).

█ Defendant moves for summary judgment on the basis that the record in this case establishes as a matter of law the existence of probable cause. The parties have submitted voluminous briefs with numerous pages of disputed and undisputed facts, affidavits, exhibits and tape recordings of conversations between the postal inspectors and plaintiff. After reviewing these items, we find that numerous issues of fact remain as to whether probable cause existed. Only when there is no factual dispute may the court determine the existence of probable cause as a matter of law. *Thompson v. General Finance Co., Inc.*, 205 Kan. 76, 94, 468 P.2d 269, 280 (1970). Summary judgment is therefore clearly inappropriate in this case.

## III. *Motion to Stay Discovery.*

Defendant moves for a stay of discovery pending resolution of defendant's dispositive motions. Because we have now ruled on these motions, defendant's motion must be denied as moot. We note, however, that pursuant to our Order of March 14, 1986, the discovery deadline has been extended to thirty days after disposition of defendant's motions.

IT IS THEREFORE ORDERED that defendant's motion to stay discovery is denied as moot.

IT IS FURTHER ORDERED that defendant's motion to dismiss based on the discretionary function exception to the Federal Tort Claims Act is denied with respect to plaintiff's claims that the postal inspectors falsified reports and gave false testimony, and granted with respect to plaintiff's claims concerning the planning, preparation, and completion of the investigation.

IT IS FURTHER ORDERED that defendant's motion to dismiss based on the misrepresentation and deceit exception to the Federal Tort Claims Act is denied.

IT IS FURTHER ORDERED that defendant's motion to dismiss plaintiff's con-

stitutional claims is granted with respect to claims arising under the United States and Missouri Constitutions and denied with respect to claims arising under the Kansas Constitution.

IT IS FURTHER ORDERED that defendant's motion to dismiss on the ground of res judicata is denied.

IT IS FURTHER ORDERED that defendant's motion to dismiss on the ground of witness immunity is denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is denied.