Rosamarica B. HOBDY, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 90–4003–S.

United States District Court,
D. Kansas.

April 25, 1991.

Henry O. Boaten, Topeka, Kan., for plaintiff.

Lee Thompson, U.S. Atty., D. Brad Bailey, Asst. U.S. Atty., Topeka, Kan., for defendant.

MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the motion of defendant United States of

America ("defendant") to dismiss, or in the alternative, for summary judgment.

This is an action alleging invasion of privacy against the United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, *et seq.* The relevant contentions and allegations of facts as stated in plaintiff's second amended complaint may be briefly summarized as follows. Plaintiff Rosamarica B. Hobdy ("plaintiff" or "Hobdy") was employed by Tero Tek International, Inc. ("Tero Tek") as a certified oil analysis laboratory evaluator at Fort Riley, Kansas. In May, 1988, the Criminal Investigation Division ("CID") was requested to conduct an investigation into Tero Tek's alleged underbidding of a government contract. During the course of this investigation, one of Tero Tek's employees confessed to participating in the falsification of fuel records. This employee's confession implicated Hobdy's participation in the falsification. No further investigation was conducted to substantiate the allegations against the plaintiff. The CID closed their investigation without instituting criminal charges against any of Tero Tek's employees. The CID filed a report with the Directorate of Contracting ("DOC") at Fort Riley, Kansas. In this report Hobdy was named as a perpetrator of the alleged criminal activity. The DOC demanded that Tero Tek remove Hobdy from her position at the Fort Riley lab. Following the DOC's demand, Tero Tek terminated Hobdy's employment. Subsequently, based upon the report prepared by the CID, plaintiff was decertified as a qualified oil analyst by Material Readiness Support Activity ("MRSA").

On January 5, 1990, Hobdy filed a complaint alleging that the defendant "negligently" instituted a criminal investigation into her conduct while she was employed at the Fort Riley Oil and Analysis Lab. In both her original and first amended complaints, plaintiff alleged that defendant's negligent investigation amounted to tortious abuse of process. Plaintiff further alleged that as a result of defendant's wrongful conduct, she was discharged from her employment with Tero Tek and was "decertified" as an oil analyst. Plain-tiff further alleged that defendant's behavior was tortious and that defendant is liable under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 *et seq.* ("FTCA"). Further, Hobdy alleged that defendant's conduct violated the fifth amendment due process clause of the United States Constitution. On October 1, 1990, plaintiff filed her second amended complaint which added a fourth count alleging that defendant's conduct constituted a tortious invasion of privacy.

On November 9, 1990, this court granted defendant's motion to dismiss all counts in the original and amended complaint, but did not address plaintiff's allegation of tortious invasion of privacy raised in her second amended complaint. Defendant has now moved to dismiss plaintiff's remaining count for lack of subject matter jurisdiction and for failure to state a claim for which relief may be granted. Alternatively, defendant has moved for summary judgment.

In its motion to dismiss, defendant first contends that plaintiff's action is barred because it falls within the "discretionary function" exception to the waiver of sovereign immunity contained in the FTCA. *See* 28 U.S.C. § 2680(a). Therefore, defendant contends, this court is without subject matter jurisdiction over Hobdy's invasion of privacy claim.

The United States is immune from suit except for those instances where it consents to be sued. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). Accordingly, such consent is a jurisdictional prerequisite to actions brought against the United States. *Id.* The FTCA provides a jurisdictional basis to recover money damages against the United States for the tortious acts of its agents. Specifically, the FTCA authorizes suits against the United States for:

injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would

be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). However, this jurisdictional basis is circumscribed by various exceptions and limitations codified at 28 U.S.C. § 2680(a) through (h); such exceptions are construed to serve as jurisdictional bars to recovery. *See, e.g., Crow v. United States,* 634 F.Supp. 1085, 1087–90 (D.Kan.1986) (claim challenging the preparation and completion of an undercover investigation was barred by the discretionary function exception to the FTCA). In this case, defendant contends that plaintiff's claim is precluded by the discretionary function exception. This exception excludes recovery under the FTCA for:

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). Thus, the question before the court on defendant's present motion is whether defendant's allegedly tortious actions of conducting an incomplete investigation which ultimately resulted in Hobdy's termination and decertification falls within the discretionary function exception.

■ In determining whether the acts of a government employee are excepted from liability under the discretionary function exception, the United States Supreme Court has stated, "it is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary exception applies in a given case." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines),* 467 U.S. 797, 813, 104 S.Ct. 2755, 2764, 81 L.Ed.2d 660 (1984). Thus, the appropriate "inquiry is whether the challenged acts are of the nature and quality that Congress intended to shield from tort liability." *Id.* The purpose of the discretionary function exception is to avoid "judicial 'second guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Id.* at 814, 104 S.Ct. at 2765.

■ More recently, the Supreme Court has stated that "a court must first consider whether the action is a matter of choice for the acting employee." *Berkovitz v. United States,* 486 U.S. 531, 536, 108 S.Ct. 1954, 1959, 100 L.Ed.2d 531 (1988). Accordingly, when the federal employee is bound to act in a certain manner by statute, or other directives, the discretionary function exception will not apply. *Id.* However, "where the challenged conduct involves an element of judgment" and where the "governmental actions and decisions [are] based on considerations of public policy," the discretionary function exception bars the claim. *Id.* at 536–37, 108 S.Ct. at 1958–59. *See also Boyle v. United Technologies Corp.,* 487 U.S. 500, 511, 108 S.Ct. 2510, 2517, 101 L.Ed.2d 442 (1988) (discretionary function exception involves acts requiring "judgment as to the balancing of many technical, military, and even social considerations ...").

■ Upon the application of this analysis to the facts of this case, the court finds that Hobdy's claim is barred by the discretionary function exception. Hobdy's claim arises out of an investigation conducted by agents of the defendant into alleged criminal misconduct of the plaintiff. More specifically, plaintiff's complaint concerns the manner in which the investigation was conducted. As stated in *Bradley v. United States,* 615 F.Supp. 206, 209 (E.D.Pa.), *aff'd,* 787 F.2d 868 (3d Cir.), *cert. denied,* 479 U.S. 849, 107 S.Ct. 175, 93 L.Ed.2d 111 (1986), the decision "how to investigate, who to investigate, and how to present evidence to the proper authorities are classic examples of discretionary conduct." This conclusion is mandated because allegations of improper investigatory conduct are "inextricably tied to the decision to prosecute." *Bradley,* 615 F.Supp. at 516. Plaintiff's allegations essentially challenge the thoroughness of the investigation.

Thus, to the extent that plaintiff seeks to challenge the manner or thoroughness of the defendant's investigation, plaintiff's claim is barred by the discretionary function exception.

■ Further, to the extent that plaintiff has cast the fourth count of her second amended complaint in terms of an invasion of privacy claim, namely false light privacy arising out of the communication of allegedly defamatory statements to Hobdy's employer, the court finds that plaintiff's claim is specifically barred by another exception found at 28 U.S.C. § 2680(h). Section 2680 of Title 28, United States Code, provides in relevant part:

> The provisions of this chapter and section 1346(b) of this title shall not apply to—
>
> (h) Any claim arising out of ... libel, slander, misrepresentation, deceit, or interference with contract rights....

Plaintiff's allegations seeking redress for tortious invasion of privacy under a theory of false light privacy are essentially allegations "arising out of" a claim of defamation or slander.

In *Metz v. United States*, 788 F.2d 1528, 1535 (11th Cir.), *cert. denied*, 479 U.S. 930, 107 S.Ct. 400, 93 L.Ed.2d 353 (1987), the Eleventh Circuit Court of Appeals addressed a factually similar case in which an employee and his wife sought to recover for alleged wrongful conduct by agents of the United States which resulted in the termination of the plaintiff's employment. In concluding that Metz's false light privacy claim was barred by § 2680(h), the *Metz* court stated, "a cause of action which is distinct from one of those excepted under § 2680(h) will nevertheless be deemed to 'arise out of' an excepted cause of action when the underlying governmental conduct which constitutes an excepted cause of action is 'essential' to plaintiff's claim." *Id.* at 1534. The court further reasoned that because the allegation of "false statements" or slander was an essential element

of plaintiff's false light privacy claim, plaintiff's claim was excepted from liability under § 2680(h). *Id.* at 1535. *See also Bosco v. United States Army Corps of Eng'rs.*, 611 F.Supp. 449, 453 (N.D.Tex. 1985) (plaintiff's claim alleging false light publicity was in substance an allegation of defamation).

Similarly, the court finds that Hobdy's allegation of "false statements" is an essential element to plaintiff's claim of false light privacy. *See Rinsley v. Brandt*, 700 F.2d 1304, 1307 (10th Cir.1983) ("an essential element to both a false light privacy claim and a defamation claim is a determination that 'the matter published concerning the plaintiff is not true.'") (citing *Froelich v. Adair*, 213 Kan. 357, 516 P.2d 993, 995–96 (1973)). Thus, plaintiff's false light privacy claim arises out of allegations of defamatory or slanderous statements made to plaintiff's employer Tero Tek, and therefore, plaintiff's claim is barred by § 2680(h).

■ Finally, the court notes plaintiff's contention that the tort of false light privacy differs from defamation in the nature of the injury asserted. *See Rinsley v. Brandt*, 700 F.2d 1304, 1307 (10th Cir.1983) ("the injury in privacy actions is mental distress from having been exposed to public view, while the injury in defamation actions is damage to reputation"). However, the court finds that such a distinction is without a difference because the true focus in determining whether a claim is barred depends upon an evaluation of the circumstances from which the claim arose. *See* 28 U.S.C. § 2680(h). Clearly, plaintiff's claim arises out of conduct which allegedly involves the communication of false statements. Thus, plaintiff's claim arises out of "libel, slander, or misrepresentation." [1] To hold otherwise, would allow the plaintiff to circumvent Congress' limitation to its waiver of sovereign immunity. *Cf. Wine v. United States*, 705 F.2d 366, 367 (10th Cir.1983) (an attempt to es-

---

**1.** The court further notes that in plaintiff's second amended complaint, plaintiff has alleged that her reputation has been damaged as a result of defendant's alleged wrongful conduct.

As discussed previously, damage to a reputation is redressable under a theory of defamation, not an invasion of privacy claim.

tablish liability on a negligence basis for the intentional tort of an off-duty government employee was properly denied as an attempt to circumvent the retention of immunity provided in § 2680(h)).

Accordingly, because the court has found that plaintiff's sole remaining count is barred by exceptions to the FTCA's waiver of sovereign immunity, the court will grant defendant's motion to dismiss the remaining count of plaintiff's second amended complaint for lack of subject matter jurisdiction.[2]

IT IS BY THE COURT THEREFORE ORDERED that the motion of the defendant United States of America to dismiss is granted (Doc. 72).

---

**2.** Because the court has determined that it lacks subject matter jurisdiction, defendant's alternative motion for summary judgment need not be considered here.